**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| 10 S & M FOODS, LLC | Case No. 23-04802 (TPG) |
| Debtor. | |

**SCHEDULES OF ASSETS AND LIABILITIES OF DEBTOR**
**10 S & M FOODS, LLC (CASE NO. 23-04802)**

**Fill in this information to identify the case:**

Debtor name: **10 S & M Foods, LLC**

United States Bankruptcy Court for the: **Middle District of Florida**

Case number: **23-04802**

☐ **Check if this is an amended filing**

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

1a. **Real property:**
Copy line 88 from Schedule A/B ........................................................................................ $0.00

1b. **Total personal property:**
Copy line 91A from Schedule A/B ..................................................................................... $74,271.69

1c. **Total of all property:**
Copy line 92 from Schedule A/B ....................................................................................... $74,271.69

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D ........ $0.00

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from line 5a of Schedule E/F ........................................ $48,724.37

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F ................. $210,710.57

**4. Total Liabilities**
Lines 2 + 3a + 3b ............................................................................................................. $259,434.94

**Fill in this information to identify the case:**

Debtor name: 10 S & M Foods, LLC

United States Bankruptcy Court for the: Middle District of Florida

Case number: 23-04802

☐ Check if this is an amended filing

## Official Form 206A/B
## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:  Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **2. Cash on hand** | |
| 2.1 | $1,500.00 |

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
|---|---|---|---|
| 3.1 City National Bank | CNB Operating Account* | 2906 | $2,755.30 |

\* Account in the name of S&M JV, LLC but partial funds belong to Debtor

**4. Other cash equivalents** *(Identify all)*

| | |
|---|---|
| 4.1 | $0.00 |

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

$4,255.30

## Part 2:  Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.

☑ Yes. Fill in the information below.

**7. Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

| | Current value of debtor's interest |
|---|---|
| | |

7.1 _____ | $0.00

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1  PREPAID LICENSES & PERMITS | $167.68

8.2  PREPAID OTHER | $54,816.87

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81. | $54,984.55

---

## Part 3:  Accounts receivable

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**11. Accounts receivable**

| 11a. | 90 days old or less: | $2,683.11 | − | $0.00 | = ........ ➜ | $2,683.11 |
|---|---|---|---|---|---|---|
| | | face amount | | doubtful or uncollectible accounts | | |
| 11b. | Over 90 days old: | $0.00 | − | $0.00 | = ........ ➜ | $0.00 |
| | | face amount | | doubtful or uncollectible accounts | | |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82. | $2,683.11

---

## Part 4:  Investments

**13. Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

14.1 _____ | _____ | $0.00

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:          % of ownership:

15.1                                                             $0.00

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1                                                             $0.00

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.                       $0.00

| Part 5: | Inventory, excluding agriculture assets |
|---------|------------------------------------------|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.

☑ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 | | | | $0.00 |
| **20. Work in progress** | | | | |
| 20.1 | | | | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 | | | | $0.00 |
| **22. Other inventory or supplies** | | | | |
| 22.1   Food Inventory | 11/6/2023 | $6,724.76 | Cost | $6,724.76 |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.                       $6,724.76

**24. Is any of the property listed in Part 5 perishable?**

☐ No

☑ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☑ Yes    Book value    $6,724.76    Valuation method    Cost    Current value    Undetermined

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☑ No

☐ Yes

Debtor 10 S & M Foods, LLC
Name
Case number (if known) 23-04802
Case 6:23-bk-04797-TPG    Doc 99    Filed 12/11/23    Page 6 of 52

**Part 6:**  **Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1 | | | $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 29.1 | | | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | | | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.                                            $0.00

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

      ☐ No

      ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes      Book value _____      Valuation method _____      Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 7:    Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**39. Office furniture**

| 39.1 | | | $0.00 |
|---|---|---|---|

**40. Office fixtures**

| 40.1 | | | $0.00 |
|---|---|---|---|

**41. Office equipment, including all computer equipment and communication systems equipment and software**

| 41.1 | | | $0.00 |
|---|---|---|---|

**42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

| 42.1 | | | $0.00 |
|---|---|---|---|

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

| | |
|---|---|
| | $0.00 |

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 8:    Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.

☑ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| 47.1 | | | $0.00 |
|---|---|---|---|

**48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| 48.1 | | | $0.00 |
|---|---|---|---|

**49. Aircraft and accessories**

49.1 _____    _____    _____                                $0.00

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

50.1
Equipment _____    $27,696.69    Net Book Value    Undetermined

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.                            | $0.00 |

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No
☑ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No
☐ Yes

| Part 9: | **Real Property** |
|---|---|

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.
☑ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1    Leasehold Improvements | Leased Property | $4,770.53 | N/A | Undetermined |
| 55.2    See Schedule AB 55 Attachment for List of Leased Real Property Locations | Leased Property | $0.00 | N/A | Undetermined |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88.    | $0.00 |

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No
☑ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No
☐ Yes

| Part 10: | Intangibles and intellectual property |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 | | | $0.00 |
| **61. Internet domain names and websites** | | | |
| 61.1 | | | $0.00 |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1   Franchise Agreements - See Schedule G | $16,931.11 | N/A | Undetermined |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 | | | $0.00 |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 | | | $0.00 |
| **65. Goodwill** | | | |
| 65.1 | | | $0.00 |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

| $0.00 |
|---|

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☑ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☑ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 11: | All other assets |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

**Current value of debtor's interest**

**71. Notes receivable**

Description (include name of obligor)

71.1

_____  _____  _____  = ➜  _____ $0.00

total face amount          doubtful or uncollectible
                           amount

**72. Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

72.1

_____  Tax year _____  _____ $0.00

**73. Interests in insurance policies or annuities**

73.1

Crime/Workplace Violence _____  Undetermined

73.2

Excess Property _____  Undetermined

73.3

Food Contamination E&O (2-year) _____  Undetermined

73.4

General Liability _____  Undetermined

73.5

Property _____  Undetermined

73.6

Terrorism - Lloyds of London _____  Undetermined

73.7

Umbrella $10M _____  Undetermined

73.8

United Healthcare _____  Undetermined

73.9

Workers Compensation _____  Undetermined

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1

_____  $0.00

Nature of Claim _____

Amount requested _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1

S&M JV, LLC _____  Undetermined

Nature of Claim   Potential Intercompany Balance

Amount requested  Unliquidated

75.2

SB Group Holdings, LLC _____  Undetermined

Nature of Claim   Potential Intercompany Balance

Amount requested  Unliquidated

**75.3**

SBG MCA, LLC                                                                    Undetermined

| Nature of Claim | Potential Intercompany Balance |
| Amount requested | Unliquidated |

**75.4**

Starboard Group Employment Services                                            Undetermined

| Nature of Claim | Employee Retention Tax Credit |
| Amount requested | Unliquidated |

**75.5**

Starboard Group Employment Services                                            Undetermined

| Nature of Claim | Potential Intercompany Balance |
| Amount requested | Unliquidated |

**75.6**

Starboard Group of Alabama, LLC                                                Undetermined

| Nature of Claim | Potential Intercompany Balance |
| Amount requested | Unliquidated |

**75.7**

Starboard Group of Tampa II, LLC                                               Undetermined

| Nature of Claim | Potential Intercompany Balance |
| Amount requested | Unliquidated |

**75.8**

Starboard with Cheese, LLC                                                     Undetermined

| Nature of Claim | Potential Intercompany Balance |
| Amount requested | Unliquidated |

**76. Trusts, equitable or future interests in property**

**76.1**                                                                       $0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

**77.1**

QSCC Rebate                                                                    $5,623.97

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.                            $5,623.97

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 12:    Summary**

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
| --- | --- | --- |
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $4,255.30 | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $54,984.55 | |

**82. Accounts receivable.** Copy line 12, Part 3.     $2,683.11

**83. Investments.** Copy line 17, Part 4.     $0.00

**84. Inventory.** Copy line 23, Part 5.     $6,724.76

**85. Farming and fishing-related assets.** Copy line 33, Part 6.     $0.00

**86. Office furniture, fixtures, and equipment; and collectibles.** Copy line 43, Part 7.     $0.00

**87. Machinery, equipment, and vehicles.** Copy line 51, Part 8.     $0.00

**88. Real property. Copy line 56, Part 9.**     →     $0.00

**89. Intangibles and intellectual property..** Copy line 66, Part 10.     $0.00

**90. All other assets.** Copy line 78, Part 11.     $5,623.97

**91. Total. Add lines 80 through 90 for each column**    91a.    $74,271.69     91b.    $0.00

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92.     $74,271.69

**SCHEDULE AB 55 ATTACHMENT**
Leased Real Property

| Debtor Name | Leased Location Number and Address |
| --- | --- |
| 7 S&M Foods, LLC | Location No. 612 -- 16056 U.S. 280, Chelsea, AL, 35043 |
| 9 S&M Foods, LLC | Location No. 615 -- 1600 County Road 437, Good Hope, AL, 35055 |
| 10 S&M Foods, LLC | Location No. 616 -- 602 Hwy 80 E, Demopolis, AL, 36732 |
| Starboard Group of Alabama, LLC | Location No. 601 -- 204 15th Street East, Tuscaloosa, AL, 35401 |
| Starboard Group of Alabama, LLC | Location No. 602 -- 1920 McFarland Boulevard, Northport, AL, 35476 |
| Starboard Group of Alabama, LLC | Location No. 603 -- 2045 Village Drive, Leeds, AL, 35094 |
| Starboard Group of Alabama, LLC | Location No. 604 -- 5018 Oscar Baxter Drive, Tuscaloosa, AL, 35405 |
| Starboard Group of Alabama, LLC | Location No. 605 -- 150 Leon Smith Parkway, Oxford, AL, 36203 |
| Starboard Group of Alabama, LLC | Location No. 606 -- 75 Tower Road, Oxford, AL, 36203 |
| Starboard Group of Alabama, LLC | Location No. 607 -- 419 Pelham Road North, Jacksonville, AL, 36265 |
| Starboard Group of Alabama, LLC | Location No. 608 -- 5801 Alabama 157, Cullman, AL, 35058 |
| Starboard Group of Alabama, LLC | Location No. 609 -- 4422 Old Birmingham Highway, Tuscaloosa, AL, 35404 |
| Starboard Group of Alabama, LLC | Location No. 610 -- 170 Vaughan Lane, Pell City, AL, 35125 |
| Starboard Group of Alabama, LLC | Location No. 611 -- 10341 Alabama 5, Brent, AL, 35034 |
| Starboard Group of Southeast Florida, LLC | Location No. 401 -- 4950 Linton Boulevard, Delray Beach, FL, 33445 |
| Starboard Group of Southeast Florida, LLC | Location No. 402 -- 1197 South Military Trail, Deerfield Beach, FL, 33442 |
| Starboard Group of Southeast Florida, LLC | Location No. 403 -- 6375 West Sample Road, Coral Springs, FL, 33067 |
| Starboard Group of Southeast Florida, LLC | Location No. 404 -- 10050 West Sample Road, Coral Springs, FL, 33065 |
| Starboard Group of Southeast Florida, LLC | Location No. 405 -- 9960 West Oakland Park Boulevard, Sunrise, FL, 33351 |
| Starboard Group of Southeast Florida, LLC | Location No. 406 -- 4676 North University Drive, Coral Springs, FL, 33067 |
| Starboard Group of Southeast Florida, LLC | Location No. 407 -- 11925 Northwest 27th Place, Miami, FL, 33167 |
| Starboard Group of Southeast Florida, LLC | Location No. 408 -- 831 Yamato Road, Boca Raton, FL, 33431 |
| Starboard Group of Southeast Florida, LLC | Location No. 409 -- 14900 Southwest 31st Street, Miramar, FL, 33027 |
| Starboard Group of Southeast Florida, LLC | Location No. 410 -- 7560 Florida 860, Hialeah, FL, 33015 |
| Starboard Group of Southeast Florida, LLC | Location No. 411 -- 15020 Jog Road, Delray Beach, FL, 33446 |
| Starboard Group of Southeast Florida, LLC | Location No. 412 -- 1515 Northwest 7th Street, Miami, FL, 33125 |
| Starboard Group of Space Coast, LLC | Location No. 451 -- 4435 Northlake Boulevard, Palm Beach Gardens, FL, 33410 |
| Starboard Group of Space Coast, LLC | Location No. 453 -- 398 Southeast Port Saint Lucie Boulevard, Port St. Lucie, FL, 34984 |
| Starboard Group of Space Coast, LLC | Location No. 454 -- 10246 South Federal Highway, Port St. Lucie, FL, 34952 |
| Starboard Group of Space Coast, LLC | Location No. 455 -- 4900 S. Federal Highway, Fort Pierce, FL, 34982 |
| Starboard Group of Space Coast, LLC | Location No. 456 -- 2309 South US Highway 1, Fort Pierce, FL, 34950 |
| Starboard Group of Space Coast, LLC | Location No. 457 -- 1841 North 4th Street, Fort Pierce, FL, 34946 |
| Starboard Group of Space Coast, LLC | Location No. 458 -- 890 U.S. 1, Vero Beach, FL, 32962 |
| Starboard Group of Space Coast, LLC | Location No. 459 -- 6210 20th Street, Vero Beach, FL, 32966 |
| Starboard Group of Space Coast, LLC | Location No. 460 -- 1154 Malabar Road, Malabar, FL, 32907 |
| Starboard Group of Space Coast, LLC | Location No. 461 -- 135 Palm Bay Road Northeast, West Melbourne, FL, 32904 |
| Starboard Group of Space Coast, LLC | Location No. 462 -- 1755 Palm Bay Road Northeast, Palm Bay, FL, 32905 |
| Starboard Group of Space Coast, LLC | Location No. 463 -- 2650 West New Haven Avenue, Melbourne, FL, 32904 |
| Starboard Group of Space Coast, LLC | Location No. 465 -- 205 South Miramar Avenue, Indialantic, FL, 32903 |
| Starboard Group of Space Coast, LLC | Location No. 466 -- 395 East Eau Gallie Boulevard, Melbourne, FL, 32901 |
| Starboard Group of Space Coast, LLC | Location No. 467 -- 4150 North Wickham Road, Melbourne, FL, 32935 |
| Starboard Group of Space Coast, LLC | Location No. 468 -- 8245 North Wickham Road, Melbourne, FL, 32940 |
| Starboard Group of Space Coast, LLC | Location No. 469 -- 648 Barnes Boulevard, Rockledge, FL, 32955 |
| Starboard Group of Space Coast, LLC | Location No. 471 -- 10 West Merritt Island Causeway, Merritt Island, FL, 32952 |
| Starboard Group of Space Coast, LLC | Location No. 472 -- 8440 Astronaut Boulevard, Cape Canaveral, FL, 32920 |
| Starboard Group of Space Coast, LLC | Location No. 473 -- 3323 Columbia Boulevard, Titusville, FL, 32780 |
| Starboard Group of Space Coast, LLC | Location No. 475 -- 3000 Garden Street, Titusville, FL, 32780 |
| Starboard Group of Space Coast, LLC | Location No. 476 -- 950 North Wickham Road, Melbourne, FL, 32935 |
| Starboard Group of Tampa II, LLC | Location No. 509 -- 13712 North 30th Street, Tampa, FL, 33613 |
| Starboard Group of Tampa II, LLC | Location No. 510 -- 6024 County Road 579, Seffner, FL, 33584 |
| Starboard Group of Tampa II, LLC | Location No. 514 -- 3601 West Hillsborough Avenue, Tampa, FL, 33614 |
| Starboard Group of Tampa, LLC | Location No. 501 -- 1507 East Fowler Avenue, Tampa, FL, 33612 |
| Starboard Group of Tampa, LLC | Location No. 502 -- 8330 North Florida Ave, Tampa, FL, 33604 |
| Starboard Group of Tampa, LLC | Location No. 504 -- 1501 East Hillsborough Avenue, Tampa, FL, 33610 |
| Starboard Group of Tampa, LLC | Location No. 505 -- 5658 Gall Boulevard, Zephyrhills, FL, 33540 |
| Starboard Group of Tampa, LLC | Location No. 506 -- 13135 U.S. 301, Dade City, FL, 33525 |
| Starboard Group of Tampa, LLC | Location No. 507 -- 13119 North Dale Mabry Hwy, Tampa, FL, 33618 |
| Starboard Group of Tampa, LLC | Location No. 508 -- 6620 East Doctor Martin Luther King Junior Boulevard, Tampa, FL, 33619 |
| Starboard Group of Tampa, LLC | Location No. 511 -- 1615 West Kennedy Boulevard, Tampa, FL, 33606 |
| Starboard Group of Tampa, LLC | Location No. 512 -- 13565 Cypress Glen Lane, Tampa, FL, 33637 |
| Starboard Group of Tampa, LLC | Location No. 513 -- 19430 Bruce B Downs Boulevard, Tampa, FL, 33647 |
| Starboard with Cheese, LLC | Location No. 701 -- 412 East Walnut Street, Carbondale, IL, 62901 |
| Starboard with Cheese, LLC | Location No. 702 -- 2 Cieten Plaza, Barry, IL, 62312 |
| Starboard with Cheese, LLC | Location No. 703 -- 314 U.S. 61, Hannibal, MO, 63401 |
| Starboard with Cheese, LLC | Location No. 704 -- 801 Marion City Road, Palmyra, MO, 63461 |
| Starboard with Cheese, LLC | Location No. 705 -- 3530 Broadway Street, Quincy, IL, 62301 |
| Starboard with Cheese, LLC | Location No. 706 -- 1250 Toronto Road, Springfield, IL, 62712 |
| Starboard with Cheese, LLC | Location No. 707 -- 1209 Broadway Avenue, Mattoon, IL, 61938 |
| Starboard with Cheese, LLC | Location No. 708 -- 505 South Deerfield Road, Pontiac, IL, 61764 |
| Starboard with Cheese, LLC | Location No. 709 -- 2360 Westowne Avenue, Oshkosh, WI, 54904 |
| Starboard with Cheese, LLC | Location No. 710 -- 3300 South Oneida Street, Appleton, WI, 54915 |
| Starboard with Cheese, LLC | Location No. 711 -- 3815 West Wisconsin Avenue, Appleton, WI, 54914 |

**Fill in this information to identify the case:**

Debtor name: **10 S & M Foods, LLC**

United States Bankruptcy Court for the: **Middle District of Florida**

Case number: **23-04802**

☐ Check if this is an amended filing

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

Be as complete and accurate as possible.

**Part 1:    List Creditors Who Have Claims Secured by Property**

**1. Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor`s other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in the information below.

**2. List creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | *Column A* **Amount of Claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|---|

2.1

_____

**Date debt was incurred?**

_____

**Last 4 digits of account number**

_____

**Do multiple creditors have an interest in the same property?**

☐ No

☐ Yes. Specify each creditor, including this creditor, and its relative priority.

_____

**Describe debtor's property that is subject to the lien:**

_____

**Describe the lien**

_____

**Is the creditor an insider or related party?**

☐ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

$0.00

_____

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$0.00

Debtor   10 S & M Foods, LLC
         Name

Case number *(if known)* 23-04802

**Part 2:** **List Others to Be Notified for a Debt That You Already Listed**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| 3.1 | | |

**Fill in this information to identify the case:**

Debtor name: **10 S & M Foods, LLC**

United States Bankruptcy Court for the: **Middle District of Florida**

Case number: **23-04802**

☐ **Check if this is an amended filing**

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

**Part 1:**   **List All Creditors with PRIORITY Unsecured Claims**

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

☑ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|

2.1

See Schedule E Attachment

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) (__)

As of the petition filing date, the claim is:     $48,724.37     $48,724.37
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☐ No

☐ Yes

**Part 2:** **List All Creditors with NONPRIORITY Unsecured Claims**

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|

**3.1**

See Schedule F Attachment
_____

**Date or dates debt was incurred**
_____
_____

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**

☐ No

☐ Yes

$210,710.57

---

**Part 3:** **List Others to Be Notified About Unsecured Claims**

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| **4.1** | Line _____ | _____ |
|  | ☐ Not listed. Explain |  |

---

**Part 4:** **Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5. Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $48,724.37 |
| 5b. **Total claims from Part 2** | 5b. | $210,710.57 |
| 5c. **Total of Parts 1 and 2** Lines 5a + 5b = 5c. | 5c. | $259,434.94 |

**SCHEDULE E ATTACHMENT**
Creditors Who Have Priority Unsecured Claims

| ID | Creditor's Name | Address 1 | City | State | ZIP | Date Incurred | Last 4 Digits of Account # | Specify Code Subsection Of Priority Unsecured Claim: 11 U.S.C. §507(a)(__) | Basis for Claim | Contingent | Unliquidated | Disputed | Is the Claim Subject to Offset? (Yes/No) | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.001 | [AGGREGATE PREPETITION WAGES] | | | | | Various | | 4 | Wage Claims | X | | | No | 14,613.91 | 14,613.91 |
| 2.002 | ALABAMA DEPARTMENT OF REVENUE | 50 N RIPLEY ST | MONTGOMERY | AL | 36130 | Various | | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.003 | BECKY NORDGREN - REVENUE COLLECTOR | ETOWAH COUNTY COURTHOUSE | GADSDEN | AL | 35901-3641 | Various | | 8 | Tax Claim | | X | X | No | 10,062.08 | 10,062.08 |
| 2.004 | DEPARTMENT OF TREASURY - INTERNAL REVENUE SERVICE | PO BOX 7346 | PHILADELPHIA | PA | 19101-7346 | Various | | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.005 | DON ARMSTRONG, PROPERTY TAX COMMISSIONER | P.O. BOX 1298 | COLUMBIANA | AL | 35051 | Various | | 8 | Tax Claim | | X | X | No | 24,048.38 | 24,048.38 |

**TOTAL**                                                                                                                                                                 48,724.37      48,724.37

**SCHEDULE F ATTACHMENT**
Creditors Who Have Non-Priority Unsecured Claims

| ID | Creditor's Name | Attention | Address 1 | Address 2 | City | State | ZIP | Date Incurred | Last 4 Digits of Account # | Basis for Claim | Contingent | Unliquidated | Disputed | Is the Claim Subject to Offset? (Yes/No) | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3.001 | 23RD GROUP, LLC. | | 4944 PARKWAY PLAZA BLVD | | CHARLOTTE | NC | 28217 | | | Trade Payable | | | | No | 657.00 |
| 3.002 | ALABAMA DEPARTMENT OF TRANSPORTATION | | 6480 2ND AVENUE WEST | | ONEONTA | AL | 35121 | | | Trade Payable | | | | No | 1,400.00 |
| 3.003 | ALABAMA POWER | | P. O. BOX 242 | | BIRMINGHAM | AL | 35292 | | | Trade Payable | | | | No | 378.91 |
| 3.004 | ARES HOLDINGS, LLC | | 1045 S JOHN RODES BLVD | | MELBORNE | FL | 32904 | | | Trade Payable | | | | No | 15,417.18 |
| 3.005 | AYDELOTT EQUIPMENT, INC. | | 119 COMPARK ROAD | | CENTERVILLE | OH | 45459 | | | Trade Payable | X | | | No | 2,437.88 |
| 3.006 | BAMA AIR SYSTEMS MECHANICAL CONTRACTORS, INC. | | 78 LINDSEY ROAD | | CULLMAN | AL | 35055 | | | Trade Payable | | | | No | 0.00 |
| 3.007 | BAMA BURGERS, LLC | | [NOT PROVIDED] | | | | | | | Trade Payable | | | | No | 25,494.54 |
| 3.008 | BARCO UNIFORMS | | 350 W ROSECRANS AVENUE | | GARDENA | CA | 90248 | | | Trade Payable | | | | No | 0.00 |
| 3.009 | BER-VEL DISTRIBUTING CO. | | PO BOX 175 | | PINSON | AL | 35126 | | | Trade Payable | | | | No | 10,149.01 |
| 3.010 | BEST RESTAURANT SOLUTIONS, LLC. | | 1931 CORDOVA ROAD #165 | | FORT LAUDERDALE | FL | 33316 | | | Trade Payable | | | | No | 2,347.00 |
| 3.011 | BIMBO QSR OHIO, LLC | | 28424 NETWORK PLACE | | CHICAGO | IL | 60673-1284 | | | Trade Payable | | | | No | 6,246.48 |
| 3.012 | BLACKBELT OUTDOOR ADVERTISING, LLC. | | PO BOX 3 | | MARION JUNCTION | AL | 36759 | | | Trade Payable | X | | | No | 1,250.00 |
| 3.013 | BLACKSTONE MECHANICAL CORP | | 111 TOWN SQUARE PLACE | | JERSEY CITY | NJ | 07310 | | | Trade Payable | | | | No | 10,334.12 |
| 3.014 | BONDED FILTER CO. | | PO BOX 676221 | | DALLAS | TX | 75267-6221 | | | Trade Payable | | | | No | 270.00 |
| 3.015 | CD MAINTENANCE COMPANY, INC | ATTN: LEGAL DEPARTMENT | 525 TECHNOLOGY PARK SUITE 125 | | LAKE MARY | FL | 32746 | | | Trade Payable | | | | No | 4,884.27 |
| 3.016 | COMCAST BUSINESS | | PO BOX 70219 | | PHILADELPHIA | PA | 19176-0219 | | | Trade Payable | | | | No | 0.00 |
| 3.017 | COMCAST CABLE | | PO BOX 71211 | | CHARLOTTE | NC | 28272-1211 | | | Trade Payable | | | | No | 240.42 |
| 3.018 | COMMAND7, LLC | | PO BOX 92267 | | LAS VEGAS | NV | 89193-2267 | | | Trade Payable | | | | No | 1,630.09 |
| 3.019 | CULLMAN APPLIANCE REPAIR, LLC | | 500 MAIN AVE SW #2455 | | CULLMAN | AL | 35055 | | | Trade Payable | | | | No | 11,403.35 |
| 3.020 | CULLMAN ELECTRIC COOPERATIVE | | PO BOX 1168 | | CULLMAN | AL | 35056-1168 | | | Trade Payable | | | | No | 8,913.00 |
| 3.021 | D & B LAWN SERVICES | | PO BOX 755 | | JACKSONVILLE | AL | 36201 | | | Trade Payable | | | | No | 2,800.00 |
| 3.022 | DAVE THOMAS FOUNDATION FOR ADOPTION | | 4900 TUTTLE CROSSING BLVD | | DUBLIN | OH | 43016 | | | Donations Payable | | | | No | 1,456.00 |
| 3.023 | DEMOPOLIS WATER WORKS & SEWER BOARD | | P. O. BOX 350 | | DEMOPOLIS | AL | 36732-0350 | | | Trade Payable | | | | No | 0.00 |
| 3.024 | ECOLAB (PEST ELIMINATION) | | 26252 NETWORK PLACE | | CHICAGO | IL | 60673-1262 | | | Trade Payable | X | | | No | 1,698.25 |
| 3.025 | ECOLAB, INC. | | PO BOX 70343 | | CHICAGO | IL | 60673 | | | Trade Payable | X | | | No | 143.64 |
| 3.026 | EDC FACILITIES MAINTENANCE, LLC | | 150 DOG TRACK ROAD | | LONGWOOD | FL | 32750 | | | Trade Payable | | | | No | 4,292.00 |
| 3.027 | FLOWERS BAKING CO. OF BIRINGHAM | | PO BOX 101030 | | ATLANTA | GA | 30392 | | | Trade Payable | | | | No | 0.00 |
| 3.028 | FOX GLASS | | 1035 TIFFORD LANE | | OSTEEN | FL | 32764 | | | Trade Payable | | | | No | 372.50 |
| 3.029 | FRANKLIN MACHINE PRODUCTS | | PO BOX 74007311 | | CHICAGO | IL | 60674-7311 | | | Trade Payable | X | | | No | 0.00 |
| 3.030 | GASKEY GUY. LLC | | DEPT 5995 | | BIRMINGHAM | AL | 35246-5995 | | | Trade Payable | | | | No | 760.00 |
| 3.031 | HAYES, CASSANDRA | | [NOT PROVIDED] | | | | | | | Workers Comp Claim | X | X | X | No | 0.00 |
| 3.032 | HYLAND FILTER SERVICE, INC. | | 1010 EAST 6TH STREET | | OWENSBORO | KY | 42303 | | | Trade Payable | | | | No | 90.38 |
| 3.033 | KEMCO FACILITIES SERVICES, LLC | | 5750 BELL CIRCLE | | MONTGOMERY | AL | 36116 | | | Trade Payable | | | | No | 0.00 |
| 3.034 | LIFE SAFETY ENGINEERED SYSTEMS, INC | ATTN: ANGEL VEZINA, CEO | 60 SONWIL DRIVE | | BUFFALO | NY | 14225 | | | Trade Payable | X | | | No | 3,766.40 |
| 3.035 | LIQUID ENVIRONMENTAL SOLUTIONS | | PO BOX 733372 | | DALLAS | TX | 75373-3372 | | | Trade Payable | X | | | No | 1,962.01 |
| 3.036 | MARTIN RECRUITING PARTNERS, LLC | | 3105 CREEKSIDE VILLAGE DRIVE, SUITE 804 | | KENNESAW | GA | 30144 | | | Trade Payable | | | | No | 0.00 |
| 3.037 | MCS COMMERCIAL, LLC | | 350 HIGHLAND DR STE 100 | | LEWISVILLE | TX | 75067 | | | Trade Payable | | | | No | 3,600.00 |
| 3.038 | MUZAK, LLC | | PO BOX 71070 | | CHARLOTTE | NC | 28272-1070 | | | Trade Payable | | | | No | 1,030.84 |
| 3.039 | NCR CORPORATION | | P. O. BOX 198755 | | ATLANTA | GA | 30384-8755 | | | Trade Payable | | | | No | 224.64 |
| 3.040 | NUC02 LLC | | PO BOX 9011 | | STUART | FL | 34995 | | | Trade Payable | | | | No | 0.00 |
| 3.041 | REGISTERED AGENT SOLUTIONS, INC. | | 1701 DIRECTORS BLVD | | AUSTIN | TX | 78744 | | | Trade Payable | | | | No | 50.00 |
| 3.042 | REPUBLIC SERVICES #802 | | 3950 60TH ST SW | | BIRMINGHAM | AL | 35221-1847 | | | Trade Payable | | | | No | 1,165.86 |
| 3.043 | RGM SUPPLIES CORP | | 324 S DIAMOND BAR BLVD | | DIAMOND BAR | CA | 91765 | | | Trade Payable | | | | No | 55.00 |
| 3.044 | RSS - RESTAURANT SERVICE SOLUTIONS, LLC | | 2680 TECHNOLOGY DRIVE | | LOUISVILLE | KY | 40299 | | | Trade Payable | | | | No | 0.00 |
| 3.045 | S&M HOLDINGS LLC | ATTN: SAM RUBENSTEIN | 3900 MONTCLAIR ROAD SUITE 300 | | BIRMINGHAM | AL | 35213 | | | Rent | X | X | X | No | Undetermined |
| 3.046 | SAULS' LANDSCAPING | | 1857 HANNAH STREET | | SOUTHSIDE | AL | 35907 | | | Trade Payable | | | | No | 330.00 |
| 3.047 | SCALA, INC | | 7 GREAT VALLEY PARKWAY | | MALVERN | PA | 19355 | | | Trade Payable | | | | No | 588.00 |
| 3.048 | SHEER SERVICE, LLC | | 6250 N MILITARY TRAIL | | WEST PALM BEACH | FL | 33407 | | | Trade Payable | | | | No | 190.00 |
| 3.049 | SHELBY COUNTY WATER SERVICES | | PO BOX 37 | | WESTOVER | AL | 35185-0037 | | | Trade Payable | | | | No | 110.63 |
| 3.050 | SHELBY RIDGE UTILITY SYSTEMS, LLC. | | 2086A VALLEYDALE TERRACE | | BIRMINGHAM | AL | 35244-1755 | | | Trade Payable | | | | No | 684.62 |
| 3.051 | SLM WASTE & RECYCLING SERVICES, INC. | | PO BOX 782678 | | PHILADELPHIA | PA | 19178-2678 | | | Trade Payable | | | | No | 490.00 |
| 3.052 | SOUTHEASTERN FOOD MERCHANDISERS, LP | | 201 PARKER DRIVE | | PELHAM | AL | 35124 | | | Trade Payable | X | | | No | 27,223.88 |
| 3.053 | SPECTRUM BUSINESS - CHARTER COMM | | PO BOX 94188 | | PALATINE | IL | 60094-4188 | | | Trade Payable | | | | No | 254.96 |
| 3.054 | STAPLES BUSINESS ADVANTAGE | | PO BOX 70242 | | PHILADELPHIA | PA | 19176-0242 | | | Trade Payable | | | | No | 562.00 |
| 3.055 | STARBOARD ADMINISTRATIVE SERVICES | | 12540 W. ATLANTIC BOULEVARD | | CORAL SPRINGS | FL | 33071 | | | Intercompany Balances | X | X | X | No | Undetermined |
| 3.056 | STARBOARD GROUP MANAGEMENT | | 12540 W. ATLANTIC BOULEVARD | | CORAL SPRINGS | FL | 33071 | | | Indemnity and Contribution | X | X | X | No | Undetermined |
| 3.057 | STARBOARD GROUP MANAGEMENT | | 12540 W. ATLANTIC BOULEVARD | | CORAL SPRINGS | FL | 33071 | | | Intercompany Balances | X | X | X | No | Undetermined |
| 3.058 | STARBOARD GROUP MANAGEMENT | | 12540 W. ATLANTIC BOULEVARD | | CORAL SPRINGS | FL | 33071 | | | Shared Services | X | X | X | No | 0.00 |
| 3.059 | STARBOARD GROUP OF SOUTHEAST FLORIDA, LLC | | 12540 W. ATLANTIC BOULEVARD | | CORAL SPRINGS | FL | 33071 | | | Intercompany Balances | X | X | X | No | Undetermined |
| 3.060 | STARBOARD GROUP OF TAMPA, LLC | | 12540 W. ATLANTIC BOULEVARD | | CORAL SPRINGS | FL | 33071 | | | Intercompany Balances | X | X | X | No | Undetermined |
| 3.061 | TAYLOR SALES & SERVICE | | PO BOX 100459 | | BIRMINGHAM | AL | 35210 | | | Trade Payable | X | | | No | 2,597.13 |
| 3.062 | VIKING CLOUD, INC | | PO BOX 771994 | | DETROIT | MI | 48277 | | | Trade Payable | X | | | No | 0.00 |
| 3.063 | WASTE MANAGEMENT | | PO BOX 3020 | | MONROE | IL | 53566-8320 | | | Trade Payable | | | | No | 1,242.62 |
| 3.064 | WENDY'S ADVERTISING CO-OP OF BIRMINGHAM, INC. | | 1429 BUSINESS CENTER DRIVE | | CONYERS | GA | 30094 | | | Franchise | X | | | No | 3,663.38 |
| 3.065 | WENDY'S INTERNATIONAL, LLC. | | ONE DAVE THOMAS BLVD | | DUBLIN | OH | 43017 | | | Franchise | X | X | X | No | 16,432.91 |
| 3.066 | WENDY'S INTERNATIONAL, LLC. | ATTN: ACCOUNTS RECEIVABLE DEPT | ONE DAVE THOMAS BLVD | | DUBLIN | OH | 43017 | | | Royalties | X | X | X | No | 15,647.74 |
| 3.067 | WENDYS NATIONAL ADVERTISING WNAP | | ONE DAVE THOMAS BLVD | | DUBLIN | OH | 43017 | | | Franchise | X | X | X | No | 14,171.93 |

**TOTAL**  $210,710.57

**Fill in this information to identify the case:**

Debtor name: **10 S & M Foods, LLC**

United States Bankruptcy Court for the: **Middle District of Florida**

Case number: **23-04802**

☐ **Check if this is an amended filing**

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**Schedule G:** **Executory Contracts and Unexpired Leases**

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

2.1 **State what the contract or lease is for and the nature of the debtor's interest**  See Schedule G Attachment

**State the term remaining**

**List the contract number of any government contract**

**SCHEDULE G ATTACHMENT**
Executory Contracts and Unexpired Leases

| ID | Description of Contract or Lease | Contract ID | Counterparty's Name | Attention | Address 1 | Address 2 | City | State | ZIP |
|---|---|---|---|---|---|---|---|---|---|
| 2.001 | INVENTORY MANAGEMENT SOFTWARE AGREEMENT | | DUMAC BUSINESS SYSTEMS, INC | | 19 CORPORATE CIRCLE | | EAST SYRACUSE | NY | 13057 |
| 2.002 | 602 HWY 80 E, DEMOPOLISAL36732 | | MID SOUTH PETROLEUM CO INC | | 8596 HIGHWAY 18 | | VERNON | AL | 35592 |
| 2.003 | POS SERVICES AGREEMENT | | NCR CORPORATION | | 411 CHATHAM HEIGHTS RD | FREDERICKSBURG VA 22405 | FREDERICKSBURG | VA | 22405 |
| 2.004 | FRANCHISE AGREEMENT | | QUALITY IS OUR RECIPE, LLC | | ONE DAVE THOMAS BLVD | | DUBLIN | OH | 43017 |
| 2.005 | 602 HWY 80 E, DEMOPOLISAL36732 | | S&M HOLDINGS LLC | ATTN: SAM RUBENSTEIN | 3900 MONTCLAIR ROAD SUITE 300 | | BIRMINGHAM | AL | 35213 |
| 2.006 | COKE EQUIPMENT RENTAL | 11498 | THE COCA-COLA COMPANY | | PO BOX 1578 | | ATLANTA | GA | 30301 |

**Fill in this information to identify the case:**

**Debtor name: 10 S & M Foods, LLC**

**United States Bankruptcy Court for the: Middle District of Florida**

**Case number: 23-04802**

☐ **Check if this is an amended filing**

## Official Form 206H

## Schedule H: Codebtors

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply:** |
| 2.1 Andrew Levy | 12540 W Atlantic Blvd. Coral Springs, FL 33071 | Quality Is Our Recipe, LLC | ☐ D ☐ E/F ☑ G |
| 2.2 Samuel G Rubenstein | 12540 W Atlantic Blvd. Coral Springs, FL 33071 | Quality Is Our Recipe, LLC | ☐ D ☐ E/F ☑ G |
| 2.3 Stanley M Rubenstein | 12540 W Atlantic Blvd. Coral Springs, FL 33071 | Quality Is Our Recipe, LLC | ☐ D ☐ E/F ☑ G |
| 2.4 Starboard S&M JV, LLC | 12540 W Atlantic Blvd. Coral Springs, FL 33071 | Quality Is Our Recipe, LLC | ☐ D ☐ E/F ☑ G |

Fill in this information to identify the case:

Debtor name: 10 S & M Foods, LLC

United States Bankruptcy Court for the: Middle District of Florida

Case number: 23-04802

☐ Check if this is an amended filing

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☑ *Schedule H: Codebtors* (Official Form 206H)
- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a _____
  declaration

I declare under penalty of perjury that the foregoing is true and correct.

_____    _____
Executed on                Signature of individual signing on behalf of debtor

                           Andrew Levy
                           Printed name

                           Authorized Representative
                           Position or relationship to debtor

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:                                             Chapter 11

10 S & M FOODS, LLC                                 Case No. 23-04802 (TPG)

              Debtor.

**STATEMENT OF FINANCIAL AFFAIRS OF DEBTOR**
**10 S & M FOODS, LLC (CASE NO. 23-04802)**

**Fill in this information to identify the case:**

Debtor name: 10 S & M Foods, LLC

United States Bankruptcy Court for the: Middle District of Florida

Case number: 23-04802

☐ Check if this is an amended filing

## Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1: Income

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From 1/1/2023 | to 11/6/2023 | ☑ Operating a business<br>☐ Other | $1,098,774.00 |
| For prior year: | From 1/1/2022 | to 12/31/2022 | ☑ Operating a business<br>☐ Other | $1,131,948.00 |
| For the year before that: | From 1/1/2021 | to 12/31/2021 | ☑ Operating a business<br>☐ Other | $1,067,550.00 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From 1/1/2023 | to 11/6/2023 | Coke Rebate | $17,639.00 |
| For prior year: | From 1/1/2022 | to 12/31/2022 | Coke Rebate & PPP Loan Forgiven | $90,831.00 |
| For the year before that: | From 1/1/2021 | to 12/31/2021 | Coke Rebate & Misc Income | $22,716.00 |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers - including expense reimbursements - to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|
| 3.1 | | | ☐ Secured debt |
| | | | ☐ Unsecured loan repayments |
| | | | ☐ Suppliers or vendors |
| | | | ☐ Services |
| | | | ☐ Other |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1 Starboard Group Employee Services -- 12540 W. Atlantic Blvd., Coral Springs, FL, 33071  Relationship to debtor Common Ownership | See SOFA 4 Attachment | $1,659,380.63 | ☐ Secured debt ☐ Unsecured loan repayments ☐ Suppliers or vendors ☐ Services ☑ Other Debtor Payroll Payment |
| 4.2 Starboard Group Holdings, LLC -- 12540 W. Atlantic Blvd., Coral Springs, FL, 33071  Relationship to debtor Common Ownership | See SOFA 4 Attachment | $1,469,584.14 | ☐ Secured debt ☐ Unsecured loan repayments ☐ Suppliers or vendors ☐ Services ☑ Other Intercompany Transfers |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.

Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1 | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 | | | |
| | Last 4 digits of account number | | |

| Part 3: | Legal Actions or Assignments |
|---|---|

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 **Name** Hayes, Cassandra v. 10 S&M Foods, LLC **Case number** Claim #001960-221356-GB-01 | Workers Comp and/or General Liability | Name _____ Street _____ City _____ State AL Zip _____ | ☑ Pending ☐ On appeal ☐ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| 8.1 Custodian's name and address _____ Street _____ City   State   Zip | Case title _____ Case number _____ Date of order or assignment _____ | Court name and address Name _____ Street _____ City   State   Zip |

**Part 4:  Certain Gifts and Charitable Contributions**

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 | | | |
| Recipient's name | | | |
| Street | | | |
| City          State      Zip | | | |
| Recipient's relationship to debtor | | | |

**Part 5:  Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 | | | |

**Part 6:  Certain Payments or Transfers**

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 | | | |
| Stretto – 410 Exchange, Suite 100, Irvine, CA, 92602 | | 11/10/2023 | $322.58 |
| Email or website address<br>www.stretto.com | | | |
| Who made the payment, if not debtor?<br>Starboard Group of Space Coast, LLC | | | |

Debtor __10 S & M Foods, LLC__
     Name

Case number *(if known)* 23-04802

11.2

| | | | |
|---|---|---|---|
| Underwood Murray PA -- 100 N Tampa Street, Suite 2325, Tampa, FL, 33602 | | 11/7/2023 | $4,032.26 |

**Email or website address**
www.underwoodmurray.com

**Who made the payment, if not debtor?**
SB Holdings, LLC

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| 12.1 | | | |
| **Trustee** | | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 | | | |
| Relationship to debtor | | | |

**Part 7:    Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | | Dates of occupancy | |
|---|---|---|---|
| 14.1 | | | |
| Street | | From | to |
| City | State | Zip | |

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

☐ diagnosing or treating injury, deformity, or disease, or

☐ providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 | | |
| Street | | |
| City　State　Zip | **Location where patient records are maintained**(if different from facility address). If electronic, identify any service provider | **How are records kept?** Check all that apply:<br>☐ Electronically<br>☐ Paper |

| Part 9: | Personally Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

　　Does the debtor have a privacy policy about that information?

　　☐ No

　　☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

☑ Yes. Does the debtor serve as plan administrator?

　　☑ No. Go to Part 10.

　　☐ Yes. Fill in below:

| **Name of plan** | **Employer identification number of the plan** |
|---|---|
| Starboard Group 401(k) Plan | 20-8144227 |

Has the plan been terminated?

☑ No

☐ Yes

**Part 10:　Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred? Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 　Name _____ <br> Street _____ <br> City _____ State ___ Zip ___ | _____ | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other <br> _____ | _____ | _____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 19.1 　Name _____ <br> Street _____ <br> City _____ State ___ Zip ___ | _____ <br> Address _____ | _____ | ☐ No <br> ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 20.1 　Name _____ <br> Street _____ <br> City _____ State ___ Zip ___ | _____ <br> Address _____ | _____ | ☐ No <br> ☐ Yes |

**Part 11:**    **Property the Debtor Holds or Controls that the Debtor Does Not Own**

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 | | | |

**Part 12:**    **Details About Environmental Information**

**For the purpose of Part 12, the following definitions apply:**

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders

☑ No.

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| 22.1 <br><br> Case Number | Name <br><br> Street <br><br> City    State    Zip | | ☐ Pending <br> ☐ On appeal <br> ☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 23.1 <br> Name <br><br> Street <br><br> City    State    Zip | Name <br><br> Street <br><br> City    State    Zip | | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 24.1 | | | |
| Name | Name | | |
| Street | Street | | |
| City        State    Zip | City        State    Zip | | |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 | | EIN |
| | | **Dates business existed** |
| | | From          to |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1 | |
| Kevin M Holbrook -- 12540 W. Atlantic Blvd., Coral Springs, FL, 33071 | From        to<br>1/11/2016     8/1/2022 |
| 26a.2 | |
| Patricia Angel -- 12540 W. Atlantic Blvd., Coral Springs, FL, 33071 | From        to<br>3/26/2018     6/5/2022 |
| 26a.3 | |
| Thomas Carr -- 12540 W. Atlantic Blvd., Coral Springs, FL, 33071 | From        to<br>7/5/2022     Present |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1 | |
| Berkowitz Pollack Brant -- 200 S. Biscayne Boulevard, 7th & 8th Floors, Miami, FL, 33131-5351 | From        to<br>2021     Present |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☑ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1 |
| See Global Notes |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No

☑ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| See SOFA 27 Attachment | 11/6/2023 | Cost - $6,724.76 |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1 |
| Various - See SOFA 27 Attachment |

**Note:** Inventory is conducted at each location weekly. Inventory value reflects the latest value as of 11/5/2023.

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name and Address | Position and nature of any interest | % of interest, if any |
|---|---|---|
| 28.1 Andrew Levy -- 12540 W. Atlantic Blvd., Coral Springs, FL 33071 | Manager | |
| 28.2 Samuel G Rubenstein -- 12540 W. Atlantic Blvd., Coral Springs, FL 33071 | Manager | |
| 28.3 Stanley M Rubenstein -- 12540 W. Atlantic Blvd., Coral Springs, FL 33071 | Manager | |
| 28.4 Starboard S&M JV, LLC -- 12540 W. Atlantic Blvd., Coral Springs, FL 33071 | Member | 100% |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No

☐ Yes. Identify below.

| Name and Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|
| 29.1 | | From _____ to _____ |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 | | | |

| Relationship To Debtor |
|---|
| |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1 | EIN _____ |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 | EIN _____ |

**SOFA 4 ATTACHMENT**

| Payee Name | Payment Date | Payment Amount |
|---|---|---|
| Starboard Group Employee Services | 11/17/2022 | 76,438.70 |
| Starboard Group Employee Services | 12/1/2022 | 66,312.05 |
| Starboard Group Employee Services | 12/5/2022 | 1,229.82 |
| Starboard Group Employee Services | 12/15/2022 | 71,464.12 |
| Starboard Group Employee Services | 12/28/2022 | 68,440.92 |
| Starboard Group Employee Services | 1/12/2023 | 68,270.98 |
| Starboard Group Employee Services | 1/26/2023 | 70,155.89 |
| Starboard Group Employee Services | 2/9/2023 | 59,324.28 |
| Starboard Group Employee Services | 2/10/2023 | 14,253.96 |
| Starboard Group Employee Services | 2/13/2023 | 1,249.09 |
| Starboard Group Employee Services | 2/22/2023 | 72,549.04 |
| Starboard Group Employee Services | 3/7/2023 | 1,581.01 |
| Starboard Group Employee Services | 3/8/2023 | 66,615.28 |
| Starboard Group Employee Services | 3/21/2023 | 1,365.52 |
| Starboard Group Employee Services | 3/23/2023 | 65,827.03 |
| Starboard Group Employee Services | 4/5/2023 | 1,252.46 |
| Starboard Group Employee Services | 4/19/2023 | 63,308.25 |
| Starboard Group Employee Services | 4/25/2023 | 1,320.75 |
| Starboard Group Employee Services | 5/4/2023 | 60,202.36 |
| Starboard Group Employee Services | 5/18/2023 | 66,034.68 |
| Starboard Group Employee Services | 5/22/2023 | 5,325.84 |
| Starboard Group Employee Services | 5/30/2023 | 1,237.86 |
| Starboard Group Employee Services | 6/1/2023 | 66,812.23 |
| Starboard Group Employee Services | 6/12/2023 | 166.78 |
| Starboard Group Employee Services | 6/15/2023 | 67,664.58 |
| Starboard Group Employee Services | 6/29/2023 | 69,824.00 |
| Starboard Group Employee Services | 7/13/2023 | 67,990.40 |
| Starboard Group Employee Services | 7/26/2023 | 59,757.84 |
| Starboard Group Employee Services | 8/4/2023 | 1,260.35 |
| Starboard Group Employee Services | 8/10/2023 | 57,411.05 |
| Starboard Group Employee Services | 8/24/2023 | 52,844.00 |
| Starboard Group Employee Services | 8/29/2023 | 3,696.00 |
| Starboard Group Employee Services | 9/6/2023 | 23,000.00 |
| Starboard Group Employee Services | 9/7/2023 | 26,091.76 |
| Starboard Group Employee Services | 9/12/2023 | 1,090.54 |
| Starboard Group Employee Services | 9/20/2023 | 38,000.00 |
| Starboard Group Employee Services | 9/21/2023 | 14,982.90 |
| Starboard Group Employee Services | 9/29/2023 | 1,205.81 |
| Starboard Group Employee Services | 10/5/2023 | 52,281.97 |
| Starboard Group Employee Services | 10/18/2023 | 1,205.81 |
| Starboard Group Employee Services | 10/19/2023 | 60,000.00 |
| Starboard Group Employee Services | 10/20/2023 | 10,500.00 |
| Starboard Group Employee Services | 11/1/2023 | 15,000.00 |
| Starboard Group Employee Services | 11/2/2023 | 39,834.72 |
| Starboard Group Employee Services | 11/13/2023 | 25,000.00 |
| **Starboard Group Employee Services Total** | | **1,659,380.63** |
| | | |
| Starboard Group Holdings, LLC | 11/17/2022 | 38,000.00 |
| Starboard Group Holdings, LLC | 12/1/2022 | 3,600.00 |
| Starboard Group Holdings, LLC | 12/2/2022 | 8,000.00 |
| Starboard Group Holdings, LLC | 12/7/2022 | 35,000.00 |
| Starboard Group Holdings, LLC | 12/8/2022 | 8,000.00 |
| Starboard Group Holdings, LLC | 12/9/2022 | 13,500.00 |

**SOFA 4 ATTACHMENT**

| Payee Name | Payment Date | Payment Amount |
|---|---|---|
| Starboard Group Holdings, LLC | 12/20/2022 | 1,243.27 |
| Starboard Group Holdings, LLC | 12/29/2022 | 9,800.00 |
| Starboard Group Holdings, LLC | 1/4/2023 | 35,000.00 |
| Starboard Group Holdings, LLC | 1/5/2023 | 10,000.00 |
| Starboard Group Holdings, LLC | 1/20/2023 | 3,500.00 |
| Starboard Group Holdings, LLC | 1/26/2023 | 5,000.00 |
| Starboard Group Holdings, LLC | 1/27/2023 | 15,000.00 |
| Starboard Group Holdings, LLC | 2/1/2023 | 30,000.00 |
| Starboard Group Holdings, LLC | 2/3/2023 | 7,500.00 |
| Starboard Group Holdings, LLC | 2/8/2023 | 25,000.00 |
| Starboard Group Holdings, LLC | 2/15/2023 | 30,000.00 |
| Starboard Group Holdings, LLC | 2/16/2023 | 16,000.00 |
| Starboard Group Holdings, LLC | 2/23/2023 | 10,000.00 |
| Starboard Group Holdings, LLC | 2/24/2023 | 10,000.00 |
| Starboard Group Holdings, LLC | 3/3/2023 | 50,000.00 |
| Starboard Group Holdings, LLC | 3/9/2023 | 12,000.00 |
| Starboard Group Holdings, LLC | 3/17/2023 | 15,000.00 |
| Starboard Group Holdings, LLC | 3/22/2023 | 25,000.00 |
| Starboard Group Holdings, LLC | 3/23/2023 | 790.00 |
| Starboard Group Holdings, LLC | 3/24/2023 | 8,000.00 |
| Starboard Group Holdings, LLC | 3/29/2023 | 35,000.00 |
| Starboard Group Holdings, LLC | 4/5/2023 | 55,000.00 |
| Starboard Group Holdings, LLC | 4/12/2023 | 30,000.00 |
| Starboard Group Holdings, LLC | 4/13/2023 | 16,800.00 |
| Starboard Group Holdings, LLC | 5/4/2023 | 15,000.00 |
| Starboard Group Holdings, LLC | 5/5/2023 | 10,000.00 |
| Starboard Group Holdings, LLC | 5/10/2023 | 52,000.00 |
| Starboard Group Holdings, LLC | 5/11/2023 | 12,000.00 |
| Starboard Group Holdings, LLC | 5/12/2023 | 9,000.00 |
| Starboard Group Holdings, LLC | 5/19/2023 | 7,000.00 |
| Starboard Group Holdings, LLC | 5/22/2023 | 12,000.00 |
| Starboard Group Holdings, LLC | 5/24/2023 | 30,000.00 |
| Starboard Group Holdings, LLC | 5/25/2023 | 10,000.00 |
| Starboard Group Holdings, LLC | 5/26/2023 | 4,500.00 |
| Starboard Group Holdings, LLC | 6/1/2023 | 16,000.00 |
| Starboard Group Holdings, LLC | 6/2/2023 | 16,000.00 |
| Starboard Group Holdings, LLC | 6/5/2023 | 6,000.00 |
| Starboard Group Holdings, LLC | 6/7/2023 | 20,000.00 |
| Starboard Group Holdings, LLC | 6/8/2023 | 17,500.00 |
| Starboard Group Holdings, LLC | 6/13/2023 | 36,000.00 |
| Starboard Group Holdings, LLC | 6/16/2023 | 5,500.00 |
| Starboard Group Holdings, LLC | 6/23/2023 | 13,000.00 |
| Starboard Group Holdings, LLC | 6/29/2023 | 9,000.00 |
| Starboard Group Holdings, LLC | 6/30/2023 | 15,500.00 |
| Starboard Group Holdings, LLC | 7/6/2023 | 10,000.00 |
| Starboard Group Holdings, LLC | 7/7/2023 | 18,000.00 |
| Starboard Group Holdings, LLC | 7/11/2023 | 25,000.00 |
| Starboard Group Holdings, LLC | 7/12/2023 | 15,000.00 |
| Starboard Group Holdings, LLC | 7/13/2023 | 9,000.00 |
| Starboard Group Holdings, LLC | 7/14/2023 | 11,500.00 |
| Starboard Group Holdings, LLC | 7/18/2023 | 20,000.00 |
| Starboard Group Holdings, LLC | 7/20/2023 | 11,000.00 |
| Starboard Group Holdings, LLC | 7/25/2023 | 25,000.00 |

**SOFA 4 ATTACHMENT**

| Payee Name | Payment Date | Payment Amount |
|---|---|---|
| Starboard Group Holdings, LLC | 7/26/2023 | 10,000.00 |
| Starboard Group Holdings, LLC | 7/27/2023 | 9,000.00 |
| Starboard Group Holdings, LLC | 7/31/2023 | 20,000.00 |
| Starboard Group Holdings, LLC | 8/1/2023 | 5,500.00 |
| Starboard Group Holdings, LLC | 8/2/2023 | 15,000.00 |
| Starboard Group Holdings, LLC | 8/3/2023 | 11,000.00 |
| Starboard Group Holdings, LLC | 8/4/2023 | 9,000.00 |
| Starboard Group Holdings, LLC | 8/10/2023 | 15,000.00 |
| Starboard Group Holdings, LLC | 8/11/2023 | 2,000.00 |
| Starboard Group Holdings, LLC | 8/15/2023 | 21,900.00 |
| Starboard Group Holdings, LLC | 8/16/2023 | 10,000.00 |
| Starboard Group Holdings, LLC | 8/17/2023 | 7,000.00 |
| Starboard Group Holdings, LLC | 8/23/2023 | 27,000.00 |
| Starboard Group Holdings, LLC | 8/25/2023 | 750.00 |
| Starboard Group Holdings, LLC | 8/28/2023 | 3,500.00 |
| Starboard Group Holdings, LLC | 8/29/2023 | 12,000.00 |
| Starboard Group Holdings, LLC | 8/30/2023 | 15,000.00 |
| Starboard Group Holdings, LLC | 9/1/2023 | 14,000.00 |
| Starboard Group Holdings, LLC | 9/11/2023 | 2,530.00 |
| Starboard Group Holdings, LLC | 9/12/2023 | 6,000.00 |
| Starboard Group Holdings, LLC | 9/13/2023 | 8,150.87 |
| Starboard Group Holdings, LLC | 9/15/2023 | 15,500.00 |
| Starboard Group Holdings, LLC | 9/25/2023 | 5,160.00 |
| Starboard Group Holdings, LLC | 9/27/2023 | 20,000.00 |
| Starboard Group Holdings, LLC | 9/29/2023 | 25,000.00 |
| Starboard Group Holdings, LLC | 10/6/2023 | 16,000.00 |
| Starboard Group Holdings, LLC | 10/11/2023 | 20,000.00 |
| Starboard Group Holdings, LLC | 10/13/2023 | 10,000.00 |
| Starboard Group Holdings, LLC | 10/19/2023 | 1,500.00 |
| Starboard Group Holdings, LLC | 10/24/2023 | 17,000.00 |
| Starboard Group Holdings, LLC | 10/25/2023 | 12,500.00 |
| Starboard Group Holdings, LLC | 10/26/2023 | 11,000.00 |
| Starboard Group Holdings, LLC | 11/3/2023 | 10,000.00 |
| Starboard Group Holdings, LLC | 11/7/2023 | 28,400.00 |
| Starboard Group Holdings, LLC | 11/8/2023 | 5,800.00 |
| Starboard Group Holdings, LLC | 11/9/2023 | 9,600.00 |
| Starboard Group Holdings, LLC | 11/10/2023 | 12,260.00 |
| Starboard Group Holdings, LLC | 11/13/2023 | 3,300.00 |
| **Starboard Group Holdings, LLC Total** | | **1,469,584.14** |

**10 S&M Foods, LLC**
**Case No.: 6:23-bk-04802**

| Debtor | Store Number | Store Status | On-Hand Value | Date | Approved By |
|---|---|---|---|---|---|
| JV-10 S&M FOODS LLC | 616 | Opened | 6,724.76 | 11/6/2023 | Toccara, Grant |
| **Total** | | | **$ 6,724.76** | | |

**Fill in this information to identify the case:**

Debtor name: 10 S & M Foods, LLC

United States Bankruptcy Court for the: Middle District of Florida

Case number: 23-04802

☐ Check if this is an amended filing

**WARNING** - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____

_____
Signature of individual signing on behalf of debtor

Andrew Levy
_____
Printed name

Authorized Representative
_____
Position or relationship to debtor

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

☐ No

☑ Yes

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

| | |
|---|---|
| Starboard Group of Space Coast, LLC | Case No. 6:23-bk-04789-TPG |
| Starboard Group of Southeast Florida, LLC | Case No. 6:23-bk-04791-TPG |
| Starboard Group of Tampa, LLC | Case No. 6:23-bk-04790-TPG |
| Starboard Group of Tampa II, LLC | Case No. 6:23-bk-04793-TPG |
| Starboard Group of Alabama, LLC | Case No. 6:23-bk-04792-TPG |
| Starboard with Cheese, LLC | Case No. 6:23-bk-04796-TPG |
| 7 S&M Foods, LLC | Case No. 6:23-bk-04798-TPG |
| 9 S&M Foods, LLC | Case No. 6:23-bk-04800-TPG |
| 10 S&M Foods, LLC | Case No. 6:23-bk-04802-TPG |
| SBG Burger Opco, LLC; | Case No. 6:23-bk-04797-TPG (Lead Case) |
| | Chapter 11 – Jointly Administered |

Debtors.

_____/

**GLOBAL NOTES AND SPECIFIC DISCLOSURES
REGARDING THE DEBTORS' SCHEDULES OF ASSETS
AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

SBG Burger Opco, LLC ("**SBG Burger**"); Starboard Group of Space Coast, LLC ("**SBG Space Coast**"); Starboard Group of Southeast Florida, LLC ("**SBG Southeast**"); Starboard Group of Tampa, LLC ("**SBG Tampa**"); Starboard Group of Tampa II, LLC ("**SBG Tampa II**"); Starboard Group of Alabama, LLC ("**SBG Alabama**") and Starboard with Cheese, LLC ("**SBG Cheese**"); 7 S & M Foods, LLC ("**7SMF**"); 9 S&M Foods, LLC ("**9SMF**"); and 10 S&M Foods, LLC ("**10SMF**") (collectively, the "**Debtors**" and each individually a "**Debtor**"), by counsel, with the assistance of their management, professionals, and advisors, have filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**", and together with the Schedules, the "**Schedules and Statements**") with the United States Bankruptcy Court for the Middle District of Florida (the "**Bankruptcy Court**").

1

These Global Notes and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affair*s* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor (whether publicly filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements.

The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements. Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not

2

undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized. The Debtors, on behalf of themselves, their officers, employees, agents, and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

The Schedules and Statements have been signed by an authorized representative of each of the Debtors. In reviewing and signing the Schedules and Statements, this representative relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. The representative has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

### Global Notes and Overview of Methodology

1.     **Reservation of Rights.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("**Claim**") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed,"

"contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated."

Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements unless ordered to do so by the Bankruptcy Court.

2. **Recharacterization.** Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly or inadvertently characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

4

3.     **Real Property and Personal Property–Leased**. In the ordinary course of their businesses, the Debtors lease real property and various articles of personal property, including, but not limited to, fixtures and equipment, from certain third-party lessors. However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement).  Further the values reflected for the leased property is the book value of such leases.

4.     **Excluded Assets and Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change. The liabilities listed on the Schedules do not reflect any analysis of Claims under 11 U.S.C. § 503(b)(9). Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under 11 U.S.C. § 503(b)(9) or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

5.     **Intellectual Property Rights.** The exclusion of any intellectual property rights or interests shall not be construed as an admission that such intellectual property rights or interests have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property rights or interests shall not be construed to be an admission that such intellectual property rights or interests have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

5

In addition, although the Debtors have made diligent efforts to attribute intellectual property rights or interests to the rightful Debtor entity, in certain instances, intellectual property rights or interests of one Debtor may, in fact, be held or owned by another Debtor. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights or interests.

6.    **Executory Contracts and Unexpired Leases.** Although the Debtors made diligent attempts to attribute executory contracts and unexpired leases to their rightful Debtors, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses.

7.    **Materialman's/Mechanic's Liens.** The assets listed in the Schedules and Statements are presented without consideration of any materialman's or mechanic's liens.

8.    **Classifications.** Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E/F part 1 as "priority," (c) Schedule E/F part 2 as "unsecured," or (d) Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or leases or to setoff of such Claims.

9.    **Claims Description.** Schedules D and E/F permit each Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

6

10.     **Causes of Action.** Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

11.     **Global Notes Control.** If the Schedules and Statements differ from these Global Notes, these Global Notes shall control.

4858-2631-4076, v. 1

### Specific Disclosures with Respect to the Debtors' Schedules

**Schedule A/B Part 2 Question 8**. Amounts shown as "Prepaid Other" on any of the Debtors' Schedules are an aggregate amount of prepaid expenses for the respective Debtor. Additionally information regarding the precise pre-payments with a specific entity are available upon request.

**Schedules A/B 15**. Ownership interests in subsidiaries have been listed in Schedules A/B 15 as an "undetermined" amount because the fair market value of such ownership is dependent on numerous variables and factors and likely differs significantly from their net book value.

**Schedule A/B Part 10 Question 62**. The Debtors have listed their interests in licenses and franchises in Schedule A/B Part 10 Question 62. A list of franchise agreements is included in the attachment to Schedule G.

**Schedule A/B Part 11 Questions 74 & 75**. In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, refunds, or potential warranty Claims against their landlords and/or vendors. Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counter-Claims as a defendant. Accordingly, certain claims are potentially unknown to the Debtors, and by their nature not quantifiable as of the Petition Date. Accordingly, they are not listed on Schedule A/B Part 11 Questions 74 & 75. The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to these questions shall not constitute a waiver, release, relinquishment, or forfeiture of such claim.

**Schedule E/F**. The Debtors have included as contingent priority Claims certain pre-petition employee wage claims. Such Claims represent earned, but unpaid pre-petition, wage claims which the Debtor has received court authority to pay pursuant to the Court's Order

Granting Debtors' Emergency Motion for Authorization to Pay Prepetition Wages, Salaries, and Other Employee Benefits (Doc. No. 59) ("**Wage Order**").  Such amounts are intended to be paid in the ordinary course of the Debtors' businesses pursuant to the Wage Order, but have been listed in an abundance of caution.

The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F Part 2, based upon the Debtors' books and records as of the Petition Date. Determining the date upon which each Claim on Schedule E/F Part 2 was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule E/F Part 2. Furthermore, Claims listed on Schedule E/F Part 2 may have been aggregated by unique creditor name and remit to address and may include several dates of incurrence for the aggregate balance listed. Further, under the Debtors' existing and former Workers Compensation insurance policies, outstanding and incurred but not yet reported claims may exist and are not listed on Schedule E/F.

Schedule E/F may include the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of executory contracts or unexpired leases. Additionally, Schedule E/F Part 2 does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**. Certain information, such as the expiration date of various executory contracts and leases, and contact information of the counter-party, may not be included where such information could not be obtained with a sufficient level of certainty using the Debtors' reasonable efforts. Listing or omitting a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is or is not an executory contract or unexpired lease

9

was in effect on the Petition Date or is valid or enforceable. Certain leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.  Certain of the contracts and agreements listed on Schedule G may consist of several parts, including amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable, or separate contracts. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, non-disturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter

agreements, title agreements and confidentiality agreements. Such agreements may not be set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on the Schedule G.

**Schedule H**. For purposes of Schedule H, the Debtors have not listed other Debtors as Co-Debtors, as such information is reflected on the applicable Debtor's Schedules.

**Specific note as to Debtors 7SMF, 9SMF and 10SMF Schedule A/B Part 1 Question 3.** In the ordinary course of business, 7SMF, 8SMF, and 10SMF all shared a single bank account. Therefore, the response to Part 1 Question 3 reflects the aggregate amount of funds in the single account, and is not specific to each Debtor.

<u>**Specific Disclosures with Respect to the Debtors' Statements of Financial Affiars**</u>

**Part 3 Statement 7**. Information provided in Statement 7 may not include every legal action, administrative agency proceeding (including administration of worker compensation insurance claims), court action, execution, attachment or governmental audit open or closed during the relevant time period, as proceedings are quickly dismissed or settled for a nominal sum. Additionally, any information contained in Statement 7 shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Part 13 Statement 26(d)**. The Debtors provide financial statements to financial institutions, creditors, and other parties in the ordinary course of its business and providing a list of each of the foregoing who may have received a financial statement over the prior two years is unfeasible.

**Specific note as to Debtors 7SMF, 9SMF and 10SMF Part 2 Statement 3**. Due to the shared bank account used by the 7SMF, 9SMF, and 10SMF in the ordinary course of business, the JV Debtors were unable to disaggregate transactions made by the JV Debtors within 90 days before the Petition Date.   To attempt to disaggregate the transactions withing the 90 days preceding the Petition Date would take an inordinate amount of time and expense, requiring a complete forensic recreation of  transaction history of 7SMF, 9SMF and 10SMF which was not feasible.

Dated: December 11, 2023.

Respectfully submitted,

/s/ Scott A. Underwood
Thomas M. Messana
Florida Bar Number 991422
Scott A. Underwood
Florida Bar Number 730041
Daniel E. Etlinger
Florida Bar Number 77420
UNDERWOOD MURRAY, P.A.
100 N Tampa, Ste. 2325
Tampa, FL 33602
(813) 540-8401
Email:  tmessana@underwoodmurray.com
          sunderwood@underwoodmurray.com
          detlinger@underwoodmurray.com
*Proposed Counsel to the Debtors*

4858-2631-4076, v. 1