UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| Starboard Group of Space Coast, LLC | Case No. 6:23-bk-04789-TPG |
| Starboard Group of Southeast Florida, LLC | Case No. 6:23-bk-04791-TPG |
| Starboard Group of Tampa, LLC | Case No. 6:23-bk-04790-TPG |
| Starboard Group of Tampa II, LLC | Case No. 6:23-bk-04793-TPG |
| Starboard Group of Alabama, LLC | Case No. 6:23-bk-04792-TPG |
| Starboard with Cheese, LLC | Case No. 6:23-bk-04796-TPG |
| 7 S&M Foods, LLC | Case No. 6:23-bk-04798-TPG |
| 9 S&M Foods, LLC | Case No. 6:23-bk-04800-TPG |
| 10 S&M Foods, LLC | Case No. 6:23-bk-04802-TPG |
| SBG Burger Opco, LLC, | Case No. 6:23-bk-04797-TPG |

                    Debtors.                                   *Jointly Administered with*
_____/              Case No. 6:23-bk-04797-TPG

Starboard Group of Space Coast, LLC,
Case No. 6:23-bk-04789-TPG,

                    Applicable Debtor.
_____/

**OBJECTION OF 1841 US 1 LLC AND RESERVATION OF RIGHT
WITH RESPECT TO PROPOSED CURE PAYMENT AND
TO ASSUMPTION OF REAL PROPERTY LEASE
(Related Docket Nos. 244 and 301)**

        1841 US 1 LLC (hereinafter, "Landlord"), by and through its undersigned attorneys, hereby

files its Objection and Reservation of Right With Respect to Proposed Cure Payment and to

Assumption Of Real Property Lease, and states as follows:

**BACKGROUND**

        1.        On November 14, 2023 (the "Petition Date"), the Debtors filed Voluntary Petitions

for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101 et seq. (the

"Bankruptcy Code" or "Code").  Since the Petition Date, the Debtors have continued to manage

their properties and operate their businesses as debtors-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

## The Lease

2.      Landlord and Starboard Group of Space Coast LLC  ("Tenant") are parties to that certain Lease Agreement dated as of January 30, 2007, as amended by the First Amendment to Lease Agreement ("First Amendment") dated January 3, 2018 (collectively, the "Lease"), with respect to real estate located at 1841 North 4th St., Fort Pierce FL 34946.  A copy of the Lease is attached to Landlord's proof of claim, a copy of which is attached hereto as Exhibit A.

3.      The Lease is a triple net lease that requires Tenant to pay, as additional rent, all real estate taxes and assessments, insurance, repairs and maintenance. *See* Lease para. 6(a).

4.      The Lease provides for $121,845,88 in annual rent, payable in equal monthly installments of $10,153.83.  *See* First Amendment para. 4.

## Landlord's Proof of Claim

5.      On March 13, 2024, Landlord filed a proof of claim against the Debtors (Claim 23).  Landlord's claim asserts the following amounts (not including about $276,000 in anticipated rejection damages):

| Category | Priority | Claim |
|---|---|---|
| Pre-petition arrears | Unsecured | $5,076.91 (1/2 rent for November 2023) |
| Pre-petition arrears | Unsecured | $31,259.49 (unpaid property taxes 2022) |
| Pre-petition arrears | Unsecured | $26,362.81 (unpaid property taxes Jan 2023- Nov 15 2023) |
| Post-petition rent | Administrative | $5,076.91 (1/2 rent for November 2023) |
| Post-petition tax | Administrative | $3,766.12 (unpaid post-petition property taxes 2023) |

6.      Thus, as of the filing of the claim, Landlord's cure claim would be $62,699.21 for unpaid prepetition rent and taxes and $8,843.03 for unpaid post-petition rent and taxes, for a total

cure claim of $71,542.24 (as of the date of the filing of the claim).

**Sale Procedures Motion and Cure Notice**

7.    On February 20, 2024, the Debtors filed that certain Motion seeking the entry of

an order (I) approving bid procedures in connection with the sale of substantially all of their

assets, (II) approving a break-up fee and minimum overbid amount, (III) scheduling a hearing,

(IV) approving assumption and assignment procedures, and (V) granting certain related relief

(Docket No. 244) ("Sale Procedures Motion").

8.    On March 13, 2024, the Debtors filed that certain Notice of Proposed Assumption

and Assignment List [Dkt 301] ("Cure Notice").  A copy of the Debtors' Cure Notice is attached

hereto as Exhibit B.  The Cure Notice proposes lists contracts that may be assumed and assigned

pursuant to the Sale Procedures Motion.  The cure amount with respect to Landlord's Lease is

$243.30 (the "Proposed Cure Payment"). *See* Cure Notice p.3.

9.    On March 22, 2024, the Court entered that certain Order Granting Debtors'

Motion for an Order (I) Approving Bid Procedures in Connection with the Sale of Substantially

All of the Debtors' Assets; (II) Approving a Break-Up Fee and Minimum Overbid Amount; (III)

Scheduling a Sale Hearing; (IV) Approving Assumption and Assignment Procedures; and (V)

Granting Certain Related Relief (Docket No. 327) ("Sale Procedures Order").

10.   On March 25, 2024, the Debtor filed a certificate of service of the Sale Procedures

Order (Docket No. 335).  A copy of the certificate of service is attached hereto as Exhibit C.

Landlord was not served with the Sale Procedures Order.

11.   The Sale Procedures Order (which was entered on March 22, 2024) requires

objections to cure amounts to be filed by March 27, 2024. *See* Exhibit B to Sale Procedures

Order para. B(b).  Objections based on the identity of the Successful Bidder are due on April 19,

2024. *Id.*

12.    On April 2, 2024, the Debtors filed a notice of preliminary hearing with respect to the Cure Notice, and scheduled an April 11, 2024 hearing with respect thereto.

## RELIEF REQUESTED

13.    Landlord hereby objects to the Proposed Cure Payment, and reserves all of its rights as to a potential assumption or assumption and assignment of the Lease.

## OBJECTION TO PROPOSED CURE AMOUNT

14.    In order to assume the Lease, the Debtors are required to cure defaults existing under such lease pursuant to § 365(b)(1)(A) of the Bankruptcy Code, which provides in relevant part that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee … cures, or provides adequate assurance that the trustee will promptly cure, such default…" 11 U.S.C. § 365(b)(1)(A).

15.    As set forth above, the Cure Notice incorrectly lists the cure amount applicable to the Lease.  In order to assume the Lease, Tenant must pay Landlord $71,542.24, plus rent and other charges arising after the filing of this Objection such as any further unpaid post-petition rent or real estate taxes.

## RESERVATION OF RIGHT WITH RESPECT TO
## ASSUMPTION AND ASSIGNMENT AND WITH RESPECT TO ADEQUATE
## ASSURANCE OF FUTURE PERFORMANCE

16.    At this time, it is not known whether the Lease is to be assumed and assigned. Thus, Landlord does not have information as to the terms of any proposed assumption and assignment of the Lease (such as any proposed modifications).  Landlord thus reserves its rights to be heard with respect to any proposed assumption and assignment of the Lease.

17.     Further, Landlord does not know the identity of the proposed assignee (if any).  The Debtors may not assume and assign the Lease unless they demonstrate adequate assurance of future performance. 11 U.S.C. § 365(b)(1)(C); see also 11 U.S.C. § 365(f)(2). The provision of adequate assurance of future performance is an affirmative duty of the Debtors, and the Debtors bear the ultimate burden of persuasion as to issues under Section 365.

18.     Here, Landlord reserves its rights to adequate assurance under section 365(b)(1)(C) and 365(f)(2) of the Bankruptcy Code.

## **FURTHER RESERVATION OF RIGHTS**

19.     Landlord reserves the right amend or supplement this Objection as to the cure amount or any other issue raised herein.

20.     Lastly, the Lease contains provisions for recovery of attorneys' fees and costs in the event Landlord is required to take legal action to protect its interests. *See* Lease para. 20. Landlord reserves all of its rights to recovery of its attorneys' fees incurred in connection with any proposed assumption or assumption and assignment of the Lease.

WHEREFORE, Landlord respectfully requests the entry of an order granting the relief described herein, together with such other and further relief as is just and proper.

**Dated**: April 4, 2024                                          Respectfully submitted,

                                                                          **DAL LAGO LAW**
                                                                          999 Vanderbilt Beach Road
                                                                          Suite 200
                                                                          Naples, FL 34108
                                                                          Telephone: (239) 571-6877

                                                                          */s/ Mike Dal Lago*
                                                                          MICHAEL R. DAL LAGO
                                                                          Florida Bar No. 102185
                                                                          Email: mike@dallagolaw.com
                                                                          CHRISTIAN GARRETT HAMAN
                                                                          Florida Bar No. 1017079
                                                                          Email: chaman@dallagolaw.com

JENNIFER M. DUFFY
Florida Bar No. 1028911
Email: jduffy@dallagolaw.com

And

MANDELBAUM BARRETT PC
Vincent J. Roldan, Esq.
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
VRoldan@mblawfirm.com

*Counsel to 1841 US 1 LLC*


## **CERTIFICATE OF SERVICE**

I CERTIFY that on this 4th day of April 2024, a true and correct copy of the foregoing shall be electronically served through the Court's CM/ECF Noticing system upon entry to all parties registered for service.

*/s/ Mike Dal Lago*
MICHAEL R. DAL LAGO
Florida Bar No. 102185

# Exhibit A

**Fill in this information to identify the case:**

Debtor 1 ___Starboard Group of Space Coast LLC___

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: Middle District of Florida

Case number ___23-bk-04789___

**FILED VIA MAIL**

MAR 13 2024

CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---------|-------------------|

**1. Who is the current creditor?**

1841 US 1 LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Amit Nigalaye
Name

12 Industrial Road
Number          Street

Fairfield          NJ          07004
City          State          ZIP Code

Contact phone _____

Contact email _____

Where should payments to the creditor be sent? (if different)

_____
Name

_____
Number          Street

_____  _____  _____
City          State          ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410

Proof of Claim

page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☒ No <br> ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |

---

**7. How much is the claim?**  $_____ 338,702.97 . **Does this amount include interest or other charges?**

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

*Limit disclosing information that is entitled to privacy, such as health care information.*

See attached. Plus administrative claim $8,843.03 as of 3/1/24

---

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $_____

**Amount of the claim that is secured:**  $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☐ No

☒ Yes. Amount necessary to cure any default as of the date of the petition.  $_____ 71,542.24

---

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

---

Official Form 410 · · · · · · · · · · · · · · · · **Proof of Claim** · · · · · · · · · · · · · · · · page 2

| | |
|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No |
| | ☐ Yes. *Check one:* |

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   03/11/2024
                   MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | Amit Nigalaye |
| | First name   Middle name   Last name |
| Title | |
| Company | 1841 US 1 LLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 12 Industrial Road |
| | Number   Street |
| | Fairfield   NJ   07004 |
| | City   State   ZIP Code |
| Contact phone | Email |

Official Form 410                           Proof of Claim                           page 3

## ADDENDUM TO PROOF OF CLAIM

This Proof of Claim ("Proof of Claim") is filed in the chapter 11 case of Starboard Group of Space Coast LLC (the "Debtor"), Bankr. M.D. Fla. Case No. 23-bk-04789, by 1841 US 1 LLC ("Claimant").

Claimant's address is set forth on the first page of this Proof of Claim. Payment should be made to that address. Any notice relating to this Proof of Claim should be sent to such address, as well as to the following addresses:

> Vincent J. Roldan
> **Mandelbaum Barrett PC**
> 3 Becker Farm Road, Suite 105
> Roseland, New Jersey 07068
> Phone: (973) 736-4600
> *vroldan@mblawfirm.com*

Claimant files this claim for amounts owing and to preserve rights under that certain Lease Agreement dated January 30, 2007 (as amended, the "Lease") between Debtor and Claimant for the use of that certain real property located at 1841 North 4th Street, Ft. Pierce FL 34946 (the "Property") in the amount of:

| Category | Priority | Claim |
|---|---|---|
| Pre-petition arrears | Unsecured | $5,076.91 (1/2 rent for November 2023) |
| Pre-petition arrears | Unsecured | $31,259.49 (unpaid property taxes 2022) |
| Pre-petition arrears | Unsecured | $26,362.81 (unpaid property taxes Jan 2023- Nov 15 2023) |
| Rejection damages | Unsecured | $276,003.76 (15% remaining lease term no to exceed 3 years) |
| Post-petition rent | Administrative | $5,076.91 (1/2 rent for November 2023) |
| Post-petition tax | Administrative | $3,766.12 (unpaid post-petition property taxes 2023) |

In sum, Claimant has (i) a prepetition claim of **$338,702.97** and (ii) a post-petition claim (as of the date of the filing of this claim) of **$8,843.03**.

The Debtor owes Claimant rent for November 2023, ½ of which is pre-petition rent and ½ of which is post-petition rent that must be paid in full, as set forth above. Further, Claimant claims rejection damages as set forth above, for the rejection of the Lease. Finally, Claimant reserves all rights under the Lease and applicable law, including but not limited to unpaid pre- and post-petition property taxes, indemnity, reimbursement, or other amounts owing to Claimant.

## Reservation of Rights

The Debtor remains on the Property.  Claimant reserves the right to assert administrative expenses claims for any further post-petition rent that goes unpaid.

Claimant reserves the right to apply any security deposit with respect to the claim.

No judgment has been entered on any portion of the claim.

The amounts of all payments on the claim have been credited and deducted for the purpose of making this Proof of Claim.

Claimant hereby reserves the right to assert further, additional, and amended claims.

By executing and filing this Proof of Claim, Claimant is not (i) waiving or releasing Claimant's rights against any other entity or person or (ii) electing a remedy which waives or otherwise affects any other remedy of Claimant.

Claimant, in executing and filing this Proof of Claim, does not waive any right to any security, collateral or share thereof to which it may be entitled or any right to claim specific assets or any other right or rights that it has or may have against the Debtor or any other person or persons, and expressly reserves the right to amend or supplement this Proof of Claim in any respect and to file additional proofs of claim for additional claims.

# LEASE AGREEMENT

**THIS LEASE AGREEMENT** (this "Lease") is hereby made and entered into on and as of the _30_ day of _January 2007_ 2006, by and between Vincent Jung and William and Lucy Jung Family Trust and/or Assignee (hereinafter "Lessor"), and SQUARE TREASURE FOODS, INC., a Florida Corporation (hereinafter "Lessee").

## WITNESSETH:

**WHEREAS**, Lessor is the owner of certain improved real estate located at 1841 North 4th St., Fort Pierce, FL 34946, and more particularly described on Exhibit "A" attached hereto and by this reference made a part hereof (hereinafter the "Property"); and

**WHEREAS**, Lessee desires to lease the Property from Lessor subject to the terms and on the conditions set forth herein; and

**WHEREAS**, Lessor is willing to lease the Property to Lessee subject to the terms and on the conditions set forth herein.

**NOW, THEREFORE**, for and in consideration of the foregoing premises, the mutual agreements and covenants set forth below, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Lessor and Lessee, intending to be legally bound, do hereby agree as follows:

1.     <u>Lease of Premises</u>. Lessor hereby leases and demises to Lessee, and Lessee hereby leases and rents from Lessor, the Property together with all of the appurtenances, privileges and easements pertaining thereto and all improvements located thereon (all of which is hereinafter referred to as the "Leased Premises").

2.     <u>Use of Leased Premises</u>. The Leased Premises may be used by Lessee for all lawful purposes including, but not limited to, the placement and operation of a retail food establishment thereon. Lessee shall comply with all laws, rules, regulations, ordinances and requirements of federal, state, county and municipal authorities, which may now or hereafter be in force and which shall impose any duty on Lessee with respect to the use or occupation of the Leased Premises.

3.     <u>Term of Lease</u>.

(a)     <u>Initial Term</u>. Subject to earlier termination as provided herein and renewal options as provided herein, the initial term ("Initial Term") of this Lease shall commence on the effective date hereof (the "Commencement Date") and shall end on _12/13/2021_ (coterminous with the Franchise Agreement).

(b)     <u>Optional Extensions</u>. Provided that Lessee is not then in default under this Lease

1

at the time it is required to exercise its option, Lessee shall have four (4) separate renewal options to extend the Initial Term of this Lease or any then Extended Term for a five-year period each (each five-year period is herein referred to as an "Extended Term") by giving written notice to Lessor of each such extension not less than ninety (90) days prior to the expiration of the then-current Initial Term or Extended Term. During each Extended Term, all of the terms and conditions of this Lease shall continue in full force and effect, and the rent shall continue to be adjusted throughout each of the Extended Terms pursuant to the provisions of paragraph 4 hereof.

The Initial Term and any Extended Terms shall hereinafter be referred to collectively as the "Term" of this Lease.

4.    Rental.  During the Initial Term of this Lease, Lessee shall pay Lessor, as rental, the annual sum of Ninety Nine Thousand dollars ($99,000.00), payable in equal monthly installments of Eight Thousand Two Hundred Fifty dollars ($8,250.00). Such rental amount shall increase on the fifth anniversary of the Rental Commencement Date and every five years thereafter (including any Extended Term) by an amount equal to seven percent (7%) of the then applicable rental amount. In the event Lessee shall fail to pay Lessor such rental amount within ten (10) days after it is due, Lessee shall pay to Lessor as a late charge an additional amount equal to Two Hundred dollars ($200.00).

5.    Lessor Warranties, Representations and Covenants.  Lessor warrants, covenants and represents unto Lessee that:

(a)    the Leased Premises hereby leased to Lessee as described hereinabove are free and clear of all liens and encumbrances superior to the leasehold hereby created, except for those liens and encumbrances identified on Exhibit "B" attached hereto, current taxes and Lessor has the right and authority to lease the Leased Premises;

(b)    the heating and cooling, HVAC, plumbing, electrical facilities and equipment are all in good operating condition and no maintenance or repairs are necessary with respect thereto;

(c)    no litigation is pending or, to the knowledge of Lessor, threatened which relates to the Leased Premises, and to the knowledge of Lessor, no basis for any such action exists, nor is there any legal impediment of which Lessor has knowledge to the use of the Leased Premises by Lessor or Lessee;

(d)    the Leased Premises are properly zoned for their current and proposed use; and

(e)    Lessor will not place any liens or encumbrances on the Leased Premises during the Term of the Lease in any manner interfering with Lessee's use and possession of the Leased Premises except as otherwise specifically permitted herein (including the provisions of Section 22 hereof).

6.    Net Lease Provisions.

2

(a)    Lessee's Obligation.  The rent provided in paragraph 4 hereof shall be net to Lessor. Accordingly, Lessee shall pay, as additional rent, all real estate taxes and assessments (as provided in paragraph 7 hereof), insurance (as provided in paragraph 8 hereof), repairs and maintenance (to the extent provided in paragraph 9 hereof) and utilities (as provided in paragraph 10 hereof).

(b)    Payment by Lessor.  All amounts which Lessee assumes or agrees to pay pursuant to this Lease that are not paid when due may be paid by Lessor (although Lessor shall have no obligation to do so).  Any amount so paid by Lessor will be due and payable by Lessee on demand by Lessor, together with interest at the rate of five percent (5%) per annum from the date of Lessor's payment.

(c)    Apportionment During First and Last Year.  All amounts which Lessee assumes and agrees to pay pursuant to this Lease that become due and payable for and during the first and last year of the Term of this Lease shall be apportioned pro rata between Lessor and Lessee in accordance with the respective number of months of such year during which this Lease is in effect.

7.    Taxes and Assessments.

(a)    Payment by Lessee.  Lessee shall pay all real estate taxes, assessments (including, but not limited to, all assessments for public improvements, if commenced or completed after the date hereof), water rates and water charges, drainage assessments, sewer charges and other governmental levies and charges, general and special, ordinary and extraordinary, unforeseen as well as foreseen, of any kind and nature whatsoever, that, during the Term of this Lease, are assessed, levied or imposed upon the Leased Premises, or any part thereof, or which otherwise become payable during the Term hereof; provided, however, that Lessee may elect to pay in installments any such assessments which shall be so payable without penalty and shall only be responsible for such installments as come due during the Term.

(b)    Lessee's Contest of Assessments.  Notwithstanding any other provisions of this Lease, Lessee shall have the right to contest in good faith and by appropriate and timely legal proceedings the legality, assessed valuation and/or amount of any tax or other assessment imposed in respect of the Leased Premises, and Lessor shall reasonably cooperate with Lessee in the prosecution of such contest, provided that all expenses of same (including, without limitation, all attorneys' fees, court and other costs) shall be paid solely by Lessee.  Notwithstanding the preceding sentence, Lessee shall pay without contest any tax or other assessment unless Lessor shall consent in writing to the appropriate contest thereof or unless:

(1)    such contest shall suspend the collection thereof;

(2)    no part of the Leased Premises or any rents therefrom, would be subject to loss, sale or forfeiture before determination of such contest;

(3)    neither Lessor nor Lessee would be subject to any criminal liability for

3

failure to pay;

(4)    such proceedings shall not affect the payment of rent hereunder or prevent Lessee from using the property for its intended purpose; and

(5)    Lessee shall notify Lessor of any such proceedings within thirty (30) days after the commencement thereof, and shall describe such proceedings in reasonable detail.

Lessee, in addition to conducting all contests in good faith and with due diligence, will, promptly after the final determination of any permitted contest, pay and discharge all amounts which shall be determined to be payable therein.

(c)    Exceptions to Lessee's Obligation.  Nothing contained in this Lease shall require Lessee to pay any franchise, income, estate, inheritance, succession, capital levy or transfer tax of Lessor.  Lessor and Lessee agree that the Leased Premises does not include any personal property being demised.

8.    Insurance.  Lessee will, during the Term of this Lease, at its own cost and expense, maintain and provide commercial general liability insurance, and personal injury liability coverage, from an insurance company licensed to do business in the State of Florida for the benefit and protection of Lessee in respect of the Leased Premises in an amount not less than $1,000,000 for combined single limit coverage for bodily injury and property damage in any one occurrence resulting from actions or omissions on the Leased Premises.  In addition, Lessee shall, during the Term of this Lease, keep the Leased Premises and Lessor's property therein insured for the "full replacement value" thereof against loss or damage by perils customarily included under standard "all-risk" policies with deductibles established by Lessee.  Lessee shall cause Lessor to be named as additional insured under each insurance policy that it is required to maintain under the terms of this section, except for the Lessee's property insurance.  Notwithstanding anything contained herein to the contrary, Lessee may self-insure for its personal property.  Lessee agrees that in the event of any claims by Lessee against its property insurance, Lessee will promptly notify Lessor of such claim, and will provide Lessee a detailed description of all repairs to be made, including the cost and the identity of the contractor or vendor to be hired to do any repairs.

9.    Repairs and Maintenance.  Lessee agrees to repair and maintain in good order and condition the roof, outside walls, foundation and structural portions of the Leased Premises, including, without limitation, all windows, doors, floor covering, plumbing, heating, electrical, air conditioning, equipment, appurtenances, utility systems, driveways, parking areas and paving, and landscaping.  The term "repair", as used herein, shall include, without limitation, all necessary replacements, renewals, alterations, additions and betterments.  If Lessee fails to make such repairs or maintenance, after reasonable notice to Lessee and an opportunity to cure, Lessor may make such repairs or perform such maintenance at Lessor's cost.  Lessor shall send Lessee an invoice for costs incurred in making such repairs or performing such maintenance.  All other repair obligations with respect to the Leased Premises shall be the obligation of Lessor.  Lessee shall, at its own expense, maintain all portions of the Leased Premises in a clean and orderly condition, free of dirt,

4

rubbish, snow, ice and unlawful obstructions.

10.     Utilities.  Lessee shall cause to be furnished, at its own expense, all utilities of every type and nature required by it in its use of the Leased Premises and shall pay or cause to be paid, all bills for water, sewage, heat, gas, electricity and other utilities, if any, used on, in connection with, or chargeable against the Leased Premises until the expiration or earlier termination of this Lease.

11.     Fire and Casualty.

(a)     In the event the whole or any part of the Leased Premises is damaged or destroyed during the Term by fire or casualty (hereinafter "Casualty"), then, except as otherwise provided in this Lease, Lessee shall repair, restore or rebuild the improvements on the Leased Premises subject to the terms of this Article 11.  All work undertaken to effect any repair or restoration shall be performed with due diligence, after receipt of insurance proceeds, in a good and workmanlike manner and in accordance with all applicable laws.   Under no circumstances shall Lessee be required to expend any sums beyond the relevant insurance proceeds actually received by Lessee, except Lessee shall be obligated to pay for that portion of the insurance proceeds which are not paid because same is a deductible. In the event that costs of such repair and restoration exceed the amount of insurance proceeds actually received plus the amount excluded as a deductible, this Lease may be terminated at the election of Lessee whereupon this Lease and the Term shall cease and come to an end as of the date of the Casualty, and any unearned rent, additional rent, or other charges paid in advance by Lessee shall be refunded to Lessee. In the event Lessee so terminates this Lease, Lessor shal be entitled to receive any and all insurance proceeds paid with respect to any fire and extended coverage insurance required under Article 8 hereof (with the sole exception of amounts payable to Lessee for Lessee's FF&E).  Upon refund of rent, additional rent, or other charges due to Lessee and receipt by Lessor of insurance proceeds contemplated above, the parties shall be released from this Lease, each to the other, from all liability and obligations thereafter.

(b)     Notwithstanding the foregoing, if the Casualty shall occur during the last five (5) years of the Initial Term of this Lease, or during an Extended Term , and the Casualty shall amount to twenty-five percent (25%) or more of the replacement cost of the improvements on the Leased Premises, this Lease may be terminated at the election of Lessee, provided notice of such election is sent by Lessee to Lessor within ninety (90) days after the occurrence of the Casualty.  Upon termination, this Lease and the Term shall cease and come to an end as of the date of the last day of the month in which the Notice is received, and any unearned rent, additional rent, or other charges paid in advance by Lessee shall be refunded to Lessee. In the event Lessee terminates this Lease, Lessor shall be entitled to receive any and all insurance proceeds paid with respect to any fire and extended coverage insurance required under Article 8 hereof (with the sole exception of amounts payable to Lessee for Lessee's FF&E), and the parties shall be released from this Lease, each to the other, from all liability and obligations thereafter.

(c)     Notwithstanding anything contained herein to the contrary, in the event that electrical service becomes unavailable ro the Leased Premises for a period of more than five (5)

5

consecutive days (the beginning of such period through the date that electricity service is restored to the Leased Premises shall be referred to herein as a "Dark Period") and the Conditions (as defined below) are satisfied, then the due date of the monthly installment of rent next due after the beginning of any Dark Period shall be extended one (1) day for each day of the Dark Period (by way of example only): (i) in the even electrical service becomes unavailable to the Leased Premises on April 15 of any year of the Terms and such service is restored on or before April 20 of such year, then the due date of the next monthly installment or rent shall be extended from May 1 of such year to May 6 of such year). As used herein, the term "Conditions" shall mean (i) the anavailability of electrical service to the Leased Premises is not the result of a casualty for which Lessee is able to recover business interruption proceeds. In no event shall the rent delay exceed ten (10) days. In the event any rent due date is extended in accordance with this paragraph, then no subsequent rent due dates shall be extended by virtue hereof unless such due dates are to be extended in accordance with this paragraph.

12.     Eminent Domain.  If the whole of the Leased Premises shall be taken for any public or any quasi-public use under any statute, or by right of eminent domain, or by private purchase in lieu thereof, then this Lease shall automatically terminate as of the date that title shall be taken.  If any part of the Leased Premises shall be so taken as to render the remainder thereof not reasonably suitable for the purposes for which the Leased Premises is then used, then Lessor and Lessee shall each have the right to terminate this Lease on thirty (30) days' written notice to the other given within ninety (90) days from the date of such taking.  In the event any part of the Leased Premises shall be so taken and this Lease shall not terminate or be terminated, then the rental payable hereunder shall be equitably apportioned according to the space so taken.  All compensation awarded for any taking of the Leased Premises, or any part thereof, shall belong to and be the property of Lessor, Lessee hereby assigning to Lessor all rights with respect thereto; provided, however, nothing contained herein shall preclude Lessee from applying for reimbursement from, or prosecuting any claim against, the condemning authority for moving expenses, or the expense of removal of Lessee's trade fixtures, furniture and other personal property, or the value of Lessee's lost leasehold. Any zoning change that renders Lessee unable to use, or, in the event of a Casualty, unable to rebuild the Leased Premises for its intended purpose as a Wendy's International franchised restaurant with drive-thru, shall be considered a taking hereunder, and Lessee shall have the right to terminate this Lease on thirty (30) days written notice to Lessor.

13.     Lessee's Trade Fixtures.  Lessee shall have the right during the Term hereof to place upon the Leased Premises, and within the building and improvements located thereon, Lessee's trade fixtures, machinery, equipment and other personal property (collectively, the "Trade Fixtures"). Lessee's Trade Fixtures shall not at any time be deemed a part of the Leased Premises, and Lessee may, at any time prior to the expiration or earlier termination of this Lease, move, remove or repair its Trade Fixtures, provided that Lessee shall repair any damage caused by such movement, removal or repair.

14.     Alterations and Improvements.  Lessee shall have the right to make changes or alterations to the building and improvements constituting a part of the Leased Premises, subject to the following conditions:

6

(a)     Without Lessor's consent, which shall not be unreasonably withheld or delayed, no change or alteration shall at any time be made which shall impair the structural soundness of the building or which shall diminish the value of the Leased Premises;

(b)     No change or alteration shall be made involving an expenditure in excess of $250,000.00 in any one calendar year without the written consent of Lessor;

(c)     Except in the case of minor changes or alterations, before commencing any change or alteration, Lessee shall procure and deliver to Lessor the written consent of the holder of any mortgage or deed of trust covering the Leased Premises;

(d)     All work in connection with any change or alteration shall be done in a good and workmanlike manner and in accordance with any building and zoning or other laws, ordinances, orders, rules, regulations and requirements of appropriate governmental authorities having jurisdiction over the Leased Premises;

(e)     All improvements and additions to the Leased Premises shall adhere thereto and become the property of Lessor, with the exception of Lessee's Trade Fixtures; and

(f)     In connection with any change or alteration made by Lessee, Lessee shall pay, from time to time when the same shall become due, all lawful claims and demands of mechanics, materialmen, laborers, and others resulting from such work which, if unpaid, will result in, or permit the creation of, a lien on the Leased Premises or any part thereof, or on the revenues, rents, income or profits arising therefrom. In the event Lessee fails to make payment of such claims and demands, Lessor may, but shall not be obligated to, make payments thereof, and Lessee shall, on demand, reimburse Lessor for all sums so expended. Notwithstanding the foregoing, Lessee may contest the same if the Lessee bonds or otherwise discharges any such claim or demand which is contested, in form and substance reasonably satisfactory to Lessor.

15.     Assignment or Subletting. Lessee may assign, convey or transfer this Lease or sublet all or a portion of the Leased Premises and all of Lessee's obligations hereunder without the consent of Lessor to any party approved by Lessee's franchisor as a Wendy's (or its successors and/or assigns) franchisee. Except as permitted herein, Lessee shall not, without the prior written consent of Lessor, which consent shall not be unreasonably withheld or delayed, (a) assign, convey, mortgage or pledge this Lease or any interest hereunder,(b) sublet the Leased Premises or any part thereof, or (c) permit the use of the Leased Premises by any parties other than Lessee, its agents and employees; provided, however, that Lessee may assign this Lease to any affiliate or successor of Lessee or to any successor or purchaser of Square Treasure Foods, Inc., or to any purchaser of a majority of the stock or assets of Lessee without Lessor's consent. Upon any assignment, conveyance or transfer of this Lease by Lessee permitted hereunder or any subletting of all of the Leased Premises by Lessee permitted hereunder, Lessee shall automatically be released of any and all obligations and liability under this Lease without the necessity of any further documentation.

7

16.  <u>Events of Default</u>. Upon the happening of any one or more of the following events, Lessor shall have any and all of the rights and remedies set forth in paragraph 17:

(a)  In the event Lessee should fail to pay any one or more monthly installments of rent, or any other sums required to be paid hereunder, as and when the same become due, and such default continues for ten (10) days after written demand for the payment thereof is made by Lessor upon Lessee;

(b)  In the event a case in bankruptcy under the U.S. Bankruptcy Code, Title 11, United States Code, is filed by or against Lessee and such case is not dismissed within sixty (60) days from the filing thereof, or in the event of the insolvency of Lessee;

(c)  In the event a general assignment for the benefit of creditors is made by Lessee;

(d)  In the event Lessee violates any other terms, conditions or covenants on the part of Lessee herein contained, and Lessee fails to remedy the same within thirty (30) days after written notice thereof is given by Lessor to Lessee unless such cure and remedy is not reasonably able to be completed within said thirty (30) days, then within such additional period of time as is necessary to cure and remedy the same as long as Lessee diligently pursues the cure or remedy of the same to completion.

17.  <u>Lessor's Rights and Remedies</u>.

(a)  <u>Option to Terminate</u>.  In the event of a default or breach as provided in paragraph 16 hereof, Lessor shall have the right, at its option, to terminate this Lease upon thirty (30) days' written notice to Lessee, and to thereupon reenter and take possession of the Leased Premises, with legal process.

(b)  <u>Option to Relet</u>.  In the event of a default or breach as provided in paragraph 16 hereof, Lessor shall have the right, at its option, from time to time, without terminating this Lease, to reenter and relet the Leased Premises, or any part thereof, with legal process, as agent for, and for the account of Lessee, upon such terms and conditions as Lessor may deem advisable or satisfactory. In such event, the rents received on such reletting shall be applied first to the expenses of such reletting and collection, including necessary renovation and alterations of the Leased Premises, reasonable attorneys' fees and any real estate commissions paid. Such rents shall thereafter be applied toward payment of all sums due or to become due Lessor hereunder. If a sufficient sum shall not be thus realized or secured to pay such sums due Lessor and other charges at Lessor's option, Lessee shall pay Lessor any deficiency monthly, and Lessor may bring an action therefor as such monthly deficiency shall arise.

Nothing herein, however, shall be construed to require Lessor to reenter and relet in any event. Lessor shall not, in any event, be required to pay Lessee any surplus of any sums received by Lessor on a reletting of the Leased Premises at a rental in excess of the rent provided in this Lease.

8

(c)    Removal of Lessee's Property.  Lessor, in addition to other rights and remedies it may have, shall have the right to remove all or any part of Lessee's property from the Leased Premises.  Any property so removed may be stored in any public warehouse, or elsewhere, at the cost of, and for the account of Lessee; Lessor shall not be responsible for the care or safekeeping thereof, and Lessee hereby waives any and all claims against Lessor in connection with any loss, destruction and/or damage or injury which may be occasioned by any of the aforesaid acts.

(d)    Effect of Reentry.  No such reentry or taking possession of the Leased Premises by Lessor shall be construed as an election on Lessor's part to terminate this Lease unless a written notice of such intention is given to Lessee.  Notwithstanding any such reletting without termination, Lessor may, at any time thereafter, elect to terminate this Lease for such previous default or breach. Any such reentry shall be allowed by Lessee without hindrance, and Lessor shall not be liable in damages for any such reentry, or guilty of trespass or of forcible entry on account thereof.

18.    Signage.  Lessee may, at Lessee's own risk and expense, provided Lessee first secures any necessary governmental authorities' approval, lawfully erect or place signs concerning the business of Lessee on the exterior walls of the building and pylon and other signs elsewhere on the Leased Premises, all in accordance with any franchise agreement requirements from time to time for Lessee's franchise business.  Any sign placed on the Leased Premises during the Term of this Lease shall comply with all applicable zoning requirements and restrictive covenants, if any, affecting the Leased Premises.  Lessee agrees to maintain said signs in good state of repair and repair any damage that may have been caused by the erection, existence, maintenance or removal of such signs.  Prior to the end of the Term of this Lease, Lessee agrees to remove the same at its expense and to repair or cause to be repaired any damage to the Leased Premises which may occur on account thereof.

19.    Waiver.  The failure of Lessor or Lessee, as the case may be, to insist, in any one or more instances, upon the strict performance of any of the covenants of this Lease shall not be construed as a waiver, or as a relinquishment for the future, of such covenant, and any such covenant shall continue and remain in full force and effect.  The receipt by Lessor of rent with knowledge of the breach of any covenant hereof shall not be deemed a waiver of such breach and no waiver by Lessor, or Lessee, as the case may be, of any provision hereof shall be deemed to have been made unless the same shall be expressed in writing and signed by the waiving party.

20.    Attorneys' Fees and Costs.  If, at anytime during the Term of this Lease or thereafter, either Lessor or Lessee should institute any action or proceeding against the other relating to the provisions of this Lease or any default hereunder, then, in that event, the unsuccessful party in such action or proceeding agrees to reimburse the successful party for the reasonable expense of attorneys' fees and disbursements incurred therein by the successful party at all trial and appellate levels.  This paragraph shall survive the expiration or earlier termination of this Lease.

21.    Quiet Enjoyment.  Lessor covenants and agrees with Lessee that, upon Lessee paying the rent herein provided and performing all of the covenants and conditions hereof, Lessee

9

may peaceably and quietly have, hold and enjoy the Leased Premises hereby demised for the entire Term hereof.

22.    Subordination and Non-Disturbance.    Lessee, upon request of Lessor, will subordinate this Lease to any mortgage that now or hereafter affects the Leased Premises, and will subordinate to any renewals, modifications or extensions of any such mortgage, in the manner hereafter provided in this Section 22.    Lessee shall execute and deliver such commercially reasonable instruments subordinating this Lease to any mortgage or confirming or evidencing such subordination; provided, however, that the holder of any such mortgage shall execute an agreement in recordable form (a "Nondisturbance and Attornment Agreement")  providing that, so long as Lessee shall faithfully discharge its obligations under this Lease, its tenancy will not be disturbed, or this Lease otherwise affected, by any default under such mortgage, whether the Leased Premises becomes subject to foreclosure or in the event of any sale, transfer or conveyance in lieu thereof, and that the Leased Premises will be sold, transferred or conveyed subject to this Lease and subject to such agreement.  During any period in which Lessee has agreed to subordinate this Lease to any mortgage and a Nondisturbance and Attornment Agreement has not been entered into between Lessee and the holder of such mortgage, Lessee shall not owe rent to Lessor for such period.  In the event Lessor defaults on any mortgage, Lessee may (but is not obligated to do so) make payments on the mortgage, and any payment so made shall be a credit and offset against the rental due under this Lease.  Notwithstanding the forgoing and regardless of whether or not Lessee shall be requested to subordinate this Lease to any mortgage or any renewals, modifications or extensions of any mortgage as hereinabove provided, Lessor shall furnish to Lessee a Nondisturbance and Attornment Agreement from each and every holder of a mortgage in effect at the time of execution of this Lease or at any time thereafter which encumbers or otherwise affects all or any portion of the Leased Premises with such Nondisturbance and Attornment Agreement to contain the provisions hereinabove provided in this Section 22.

23.    Memorandum of Lease.  Lessor and Lessee shall enter into and file with the Public Records of Saint Lucie County, Florida, a Memorandum of Lease substantially in the form of Exhibit "C" attached hereto.

24.    Purchase Option.  Upon the expiration of the Term of this Lease, if no Event of Default shall have occurred and be then continuing, Lessee shall have the right to purchase the Leased Premises for its then residual depreciated value as determined by agreement of Lessor and Lessee, or, if Lessor and Lessee cannot agree, by an independent licensed appraiser appointed by Lessor and Lessee at their respective expense to appraise and determine the residual depreciated value of the Leased Premises.  In order to exercise this option, Lessee must provide written notice to Lessor of Lessee's intent to purchase the Leased Premises within thirty (30) days from and after the expiration date of the Term of this Lease.  Upon exercise of the option and payment of the purchase price for the Leased Premises by Lessee to Lessor, Lessor shall execute and deliver to Lessee all deeds and instruments, and shall take all action, necessary to effect transfer of ownership of the Leased Premises to Lessee, free and clear of all liens, mortgages claims and encumbrances.  The closing shall occur within sixty (60) days from and after Lessee's notice of intent to exercise the option.

10

25.    Right to Inspection.  At any time prior to the Rental Commencement Date, Lessee may perform and conduct any and all inspections, studies and tests, including, but not limited to, environmental studies, engineering studies, soil tests and analyses as Lessee, at, Lessee's sole discretion, determines to be necessary and appropriate.  Lessor hereby grants Lessee and Lessee's agents a non-exclusive right to access the Leased Premises at any reasonable hour for the purposes expressed herein.

26.    Access to Premises.  Lessor, and any agents, employees and representatives of Lessor, shall have access to the Leased Premises at all reasonable times upon reasonable prior notice during the Term hereof for the purpose of examining and inspecting the Leased Premises.

27.    Invalidity.  If any term or provision of this Lease, or the application thereof to any person or circumstances, shall, to any extent be invalid or unenforceable, the remainder of this Lease, or the application of such term or provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby.  Each term and provision of this Lease shall be valid and be enforced to the fullest extent permitted by law.

28.    Notices.  All notices, consents, waivers and other communications under this Agreement must be in writing and will be deemed to have been duly given when (a) delivered by hand (with written confirmation of receipt), (b) sent by facsimile or by email, (with written confirmation of receipt),(c) when received by the addressee, if sent by a nationally recognized overnight delivery service (receipt requested), in each case to the appropriate addresses and facsimile numbers set forth below (or to such other addresses and facsimile numbers as a party may designate by notice to the other parties):

To Lessor:    Vincent Jung
              c/o Formosa Cafe
              7156 Santa Monica Blvd.
              West Hollywood, CA 90046

        With a copy to (for notices only:

To Lessee:

              Square Treasure Foods, Inc.
              Attn: Mark Reed
              5132 SE Club Way #103
              Stuart, FL 34997

29.    Captions or Titles.  The captions or titles used throughout this Lease are for reference and convenience only and shall in no way define, limit or describe the scope or intent of this Lease.

30.    Binding Effect.  This Lease, and all terms, conditions and covenants herein

11

contained, shall, subject to the provisions of paragraph 15, apply to bind the parties hereto and their respective successors and assigns.

31.  **Surrender.**  Upon the expiration or earlier termination of this Lease, Lessee will quit and surrender the Leased Premises hereby leased in as good condition and repair as when delivered to Lessor, ordinary wear and tear excepted.  Any holding over by Lessee shall not operate, except by written agreement, to extend or renew this Lease and no tenancy of any duration shall be created thereby.

32.  **Entire Agreement.**  This Lease, with any exhibits attached hereto, contains the entire agreement of the parties hereto and no representations, inducements, promises or agreements, oral or otherwise, entered into prior to the execution of this Lease, will alter the covenants, agreements and undertakings herein set forth.

33.  **Amendment.**  This Lease shall not be amended or modified in any manner, except by an instrument in writing executed by both parties.

34.  **Counterparts.**  This Lease may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall be taken to be one and the same instrument, and a facsimile copy of an executed counterpart shall constitute the same as delivery of the original of such executed counterpart and any signature so transmitted shall be the binding signature of the signing party.  Any signature page of this Lease (whether original or facsimile) may be detached from any counterpart of this Lease (whether original or facsimile) without impairing the legal effect of any signatures thereof and may be attached to another counterpart of this Lease (whether original or facsimile) identical in form hereto but having attached to it one or more additional signature pages (whether original or facsimile), with the same effect as if all signature pages of this Lease were executed on one and the same counterpart.

35.  **Gender and Number.**  The use of the neuter gender herein shall include the masculine and feminine genders and vice versa, and the singular shall include the plural and the plural the singular, unless otherwise clear from the context used.

36.  **Radon Gas.**  Radon Gas is a naturally occurring radioactive gas that, when it has accumulated in a building in sufficient quantities, may present health risks to persons who are exposed to it over time.  Levels of radon that exceed federal and state guidelines have been found in buildings in Florida.  Additional information regarding radon and radon testing may be obtained from your county public health unit.

IN WITNESS WHEREOF, Lessor and Lessee have caused this Lease to be executed as of the day and year first above written.

12

"LESSOR": William and Lucy Jung Family Trust
and/or Assignee

Signed, sealed and delivered
in our presence:

_____

_____

By: _____

By: _____

By: _____

"LESSEE":

SQUARE TREASURE FOODS, INC.,
a Florida corporation

By: _____

(SEAL)

Signed, sealed and delivered
in our presence:

_Mary J. Reed_
Sign Name

_Mary C. Reed_
Print Name

_____
Sign Name

_____
Print Name

13

"LESSOR": William and Lucy Jung Family Trust
and/or Assignee

Signed, sealed and delivered
in our presence:

_____        By: _____

_____        By: _____

                               By: _____

                               "LESSEE":

Signed, sealed and delivered        SQUARE TREASURE FOODS, INC.,
in our presence:                    a Florida corporation

_____        By: _____
Sign Name

_____            (SEAL)
Print Name

_____
Sign Name

_____
Print Name

13

See Attached Notarial Certificate

## EXHIBIT 'A'

File No.:    **NCS-263052-WA1 (tej)**
Property:    **1841 North 4th St, Fort Pierce, FL 34946**

**A PORTION OF LAND LYING IN SECTION 4, TOWNSHIP 35 SOUTH, RANGE 40 EAST, ST. LUCIE COUNTY, FLORIDA, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:**

COMMENCE AT THE NORTHEAST CORNER OF SAID SECTION 4, SAID POINT BEING AN 1" IRON PIPE; THENCE SOUTH 88°21'15" WEST, A DISTANCE OF 109.28 FEET TO THE SOUTHEAST CORNER OF SECTION 33, TOWNSHIP 34 SOUTH; RANGE 40 EAST, ST. LUCIE COUNTY, FLORIDA; THENCE SOUTH 89°11'58" WEST ALONG THE SOUTH LINE OF SAID SECTION 33, A DISTANCE OF 97.22 FEET TO THE WEST RIGHT OF WAY LINE OF U.S. HIGHWAY NO. 1 (STATE ROAD NO. 5, BEING 200 FEET IN WIDTH); THENCE SOUTH 28°05'56" EAST, ALONG SAID WEST RIGHT OF WAY LINE A DISTANCE OF 108.93 FEET, TO THE POINT OF BEGINNING; THENCE CONTINUE SOUTH 28°05'56" EAST ALONG SAID WEST RIGHT OF WAY LINE FOR A DISTANCE OF 257.15 FEET; THENCE SOUTH 88°52'59" WEST FOR A DISTANCE OF 362.14 FEET TO A POINT ON THE ARC OF A NON-TANGENT CIRCULAR CURVE CONCAVE TO THE SOUTHWEST (TO WHICH A RADIAL LINE BEARS NORTH 88°11'04" WEST), HAVING A RADIUS OF 60.00 FEET AND A CENTRAL ANGLE OF 78°16'50"; THENCE NORTHWESTERLY ALONG THE ARC OF SAID CURVE FOR AN ARC DISTANCE OF 81.98 FEET TO A POINT OF REVERSE CURVATURE OF A CIRCULAR CURVE CONCAVE TO THE SOUTHEAST (TO WHICH A RADIAL LINE BEARS NORTH 85°19'54" EAST), HAVING A RADIUS OF 30.00 FEET AND A CENTRAL ANGLE OF 66°34'20"; THENCE NORTHEASTERLY ALONG THE ARC OF SAID CURVE FOR AN ARC DISTANCE OF 34.85 FEET TO A POINT OF TANGENCY; THENCE NORTH 61°54'04" EAST FOR A DISTANCE OF 307.34 FEET TO THE POINT OF BEGINNING.

TOGETHER WITH RIGHTS OF USE OF SANITARY SEWER EASEMENT BY AND BETWEEN CIMARRON APARTMENTS, INC., AND WENDY'S OF N.E. FLORIDA, INC., A FLORIDA CORPORATION, AS RECORDED IN OFFICIAL RECORDS BOOK 1452, PAGE 1684, PUBLIC RECORDS OF ST. LUCIE COUNTY, FLORIDA.

TOGETHER WITH RIGHTS OF INGRESS AND EGRESS PURSUANT TO EASEMENTS CONTAINED IN DECLARATION OF RESTRICTIONS AND GRANT OF EASEMENT AS RECORDED IN OFFICIAL RECORDS BOOK 712, PAGE 83 AS AMENDED IN OFFICIAL RECORDS BOOK 733 PAGE 2912 PUBLIC RECORDS OF ST. LUCIE COUNTY FLORIDA.

**A.P.N.**

**EXHIBIT "A"**

**Description of Real Property**



EXHIBIT "B"

Permitted Liens and Encumbrances

## EXHIBIT "C"

### MEMORANDUM OF LEASE

THIS MEMORANDUM OF LEASE is hereby made and entered into on and as of the __th day of _____, 2006, by and between VINCENT JUNG AND WILLIAM AND LUCY JUNG FAMILY TRUST AND/OR ASSIGNEE, a _____ corporation (hereinafter "Lessor"), and SQUARE TREASURE FOODS, INC, a Florida corporation(hereinafter "Lessee").

### WITNESSETH:

WHEREAS, Lessor and Lessee entered into a Lease Agreement dated _____, 2006, (the "Lease"), with respect to certain improved real estate located at 1841 North 4th St., Fort Pierce, FL 34946, and more particularly described on Exhibit "A" attached hereto and by this reference made a part hereof (hereinafter the "Real Property"); and

WHEREAS, Lessor and Lessee desire to enter into this Memorandum of Lease for the purpose of evidencing the Lease and giving public notice of its existence.

NOW, THEREFORE, for and in consideration of the premises and for other good and valuable consideration, all as more particularly set forth in the Lease, the receipt, sufficiency and adequacy of which are hereby acknowledged, Lessor and Lessee, each intending to be legally bound, do hereby consent and agree as follows:

1.  Subject in all respects to the terms and conditions contained in the Lease, Lessor has leased to Lessee, and Lessee has rented from Lessor the Leased Premises, for an initial term of beginning _____, and ending on _____ (coterminus with Franchise Agreement).

2.  The Lease is renewable for up to four (4) additional periods of five (5) years each.

3.  As more fully set forth in the Lease and at the time of execution of the Lease, the addresses of Lessor and Lessee for the purposes of notices, payments and other communications required or permitted thereunder are as follows:

To <u>Lessor</u>:   Vincent Jung and William and Lucy Jung Family Trust and/or Assignee

[Acknowledgements to Follow on Next Following Page]

To Lessee:    Square Treasure Foods, Inc.
                  Attn: Mark Reed

Such addresses, facsimile numbers and email addresses are subject to change from time to time.

4.     All of the terms, provisions, covenants and agreements contained in the Lease are incorporated herein by reference in the same manner and to the same extent as if all of such terms, provisions, covenants and agreements were expressly set forth herein, and nothing contained in this Memorandum of Lease shall be deemed, construed, or implied to alter, modify or amend in any manner whatsoever any of the terms, provisions, covenants or agreements contained in the Lease.

5.     Lessor and Lessee acknowledge that the information contained herein is true and correct and that they intend to place this Memorandum of Lease of record for the purpose of giving public notice of the Lease.

          IN WITNESS WHEREOF, Lessor and Lessee have caused this Memorandum of Lease to be executed as of the day and year first above written.

                                 "LESSOR":  Vincent Jung and William and Lucy Jung Family Trust and/or Assignee

Signed, sealed and delivered
in our presence:

_____       By: _____

_____       By: _____

_____       By: _____

STATE OF *CALIFORNIA* )
COUNTY OF *LOS ANGELES* )

The foregoing instrument was acknowledged before me this _9_ day of _JANUARY_ , 2008, by _VINCENT JUNG, WILLIAM JUNG, LUCY JUNG_ personally known to me or has produced _CALIFORNIA DRIVERS LICENSE_ as identification and did take an oath.

See Attached Notarial Certificate

_____
NOTARY PUBLIC

Signed, sealed and delivered
in our presence:

SQUARE TREASURE FOODS, INC.,
a Florida corporation

By _Mark Reed, President_

_____
Sign Name

(SEAL)

_____
Print Name

_____
Sign Name

_____
Print Name

STATE OF ~~FLORIDA~~ _South Carolina_         )
_Beaufort_                                    )SS
COUNTY OF ~~PALM BEACH~~                       )

    The foregoing instrument was acknowledged before me this _2nd_ day of _January, 2007,_ ~~2006,~~ by Mark B. Reed, President of Square Treasure Foods, Inc., a Florida corporation, on behalf of the corporation. He is personally known to me or has produced _Drivers License_ (type of identification) as identification and did take an oath.

_Brenda Freeney_
Signature

_Brenda Freeney_
Print Name

NOTARY PUBLIC _South Carolina_

Commission No.: _____

(Notary Seal)                    My Commission Expires: _____

## ASSIGNMENT AND ASSUMPTION OF LEASE

ASSIGNMENT AND ASSUMPTION OF LEASE (this "Assignment") made as of the 21 day of December, 2017, by and between VINCENT JUNG, INDIVIDUALLY, as to an undivided 30% interest, AND LUCY C. JUNG, AS THE SOLE SURVIVING CO-TRUSTEE UNDER THE JUNG FAMILY TRUST DATED JANUARY 4, 1994, AS RESTATED AND DECLARED SEPTEMBER 16, 2004, as to an undivided 70% interest, which trust was formed under the laws of the State California and maintains its situs in the State of California, both having an address at 463 Cherry Drive, Pasadena, California 91105 (collectively "Assignor"), and 1841 US 1 LLC, a Florida limited liability company, having an address at 77 Point View Parkway, Wayne, New Jersey 07470 ("Assignee").

## WITNESSETH:

WHEREAS, Assignor and Dune Point Capital, LLC, a New York limited liability company, entered into that certain Purchase and Sale Agreement, dated November 16, 2017 (as amended, the "Contract") covering the Premises (as hereinafter defined), which Contract was assigned by Dune Point Capital, LLC to Assignee; and

WHEREAS, Assignor has simultaneously herewith conveyed to the Assignee all of Assignor's right, title and interest in and to the premises located at 1841 US-1, Fort Pierce, Florida 34946 (the "Premises"), and in connection therewith, Assignor has agreed to assign to Assignee all of Assignor's right, title and interest in and to the Lease, dated January 30, 2007, between Seller, as lessor, and Square Treasure Foods, Inc., a Florida corporation, as thereafter assigned to Starboard Group of Space Coast, LLC, a Delaware limited liability company, as lessee, which tenant operates a Wendy's at the Property and the guaranties and other documents related thereto, if any (the "Lease").

NOW, THEREFORE, in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto hereby agree as follows:

1.     Assignor hereby assigns unto Assignee, all of the right, title and interest of Assignor in and to the Lease;

TO HAVE AND TO HOLD the same unto Assignee, its successors and assigns from and after the date hereof, subject to the terms, covenants and conditions of the Lease.

2.     Assignee assumes the performance of all of the obligations of Assignor arising or accruing under the Lease from and after the date hereof. Assignee agrees to indemnify, protect, defend and hold Assignor harmless from and against any and all claims, demands, liabilities, losses, costs, damages or expenses including, without limitation, reasonable attorneys' fees and costs (collectively, "Claims") arising or accruing with respect to the Lease on or after the date hereof, including, without limitation, any failure by Assignee to comply with any applicable law from and after the date hereof with respect to the security deposits under the Lease transferred to Assignee on the date hereof.

3.     Assignor hereby agrees to indemnify, protect, defend and hold Assignee harmless from and against any and all Claims arising or accruing with respect to the Lease prior to the date hereof, including, without limitation, any failure by Assignor to comply with any applicable laws prior to the date hereof with respect to the security deposits under the Lease that are being transferred to Assignee on the date hereof.

4.     This Assignment shall be binding upon and shall inure to the benefit of the parties hereto, their respective successors, assigns and legal representatives.

5.      This Assignment may be executed in separate counterparts, which, together, shall constitute one and the same fully executed Assignment. The entities comprising Assignor shall be jointly and severally liable for the obligations and liabilities of Assignor hereunder.

## SIGNATURE PAGE FOLLOWS

**IN WITNESS WHEREOF**, this Assignment has been duly executed as of the date first above written.

ASSIGNOR:

By: _____

Name: **VINCENT JUNG**, Individually, and as Attorney-in-Fact for **LUCY C. JUNG**, Individually and as Sole Surviving co-Trustee of the Jung Family Trust Dated January 4, 1994, as Restated and Declared September 16, 2004, a trust formed under the laws of the State California

ASSIGNEE:

**1841 US 1 LLC**, a Florida limited liability company

By: _____

Name: Amit Nigalaye

Title:   Manager

**IN WITNESS WHEREOF**, this Assignment has been duly executed as of the date first above written.

ASSIGNOR:

By: _____

Name: **VINCENT JUNG**, Individually, and as Attorney-in-Fact for **LUCY C. JUNG**, Individually and as Sole Surviving co-Trustee of the Jung Family Trust Dated January 4, 1994, as Restated and Declared September 16, 2004, a trust formed under the laws of the State California

ASSIGNEE:

**1841 US 1 LLC**, a Florida limited liability company

By: _____

Name: Amit Nigalye

Title: Manager

# FIRST AMENDMENT TO LEASE AGREEMENT

THIS FIRST AMENDMENT TO LEASE AGREEMENT (this "**Amendment**") is made as of this 3rd day of January, 2018, by and between 1841 US 1 LLC, a Florida limited liability company ("**Lessor**") and STARBOARD GROUP OF SPACE COAST, LLC, a Florida limited liability company ("**Lessee**").

## RECITALS

**WHEREAS**, Vincent Jung and William And Lucy Jung Family Trust and/or Assignee, as lessor (the "**Original Lessor**"), and Square Treasure Foods, Inc., a Florida corporation ("**Original Lessee**"), as lessee, entered into that certain Lease Agreement dated January 30, 2007 (the "**Original Lease**"), whereby Original Lessee leased the property identified and known as 1841 North 4th Street, Ft. Pierce, Florida 34946, as more particularly described in the Original Lease (the "**Property**"); and

**WHEREAS**, the Original Lease was assigned by (i) Original Lessor to Lessor pursuant to that certain Assignment and Assumption of Lease dated as of December 21, 2017, and (ii) Original Lessee to Lessee pursuant to that certain Assignment of Lease and Consent dated as of March 10, 2015; and

**WHEREAS**, the current term of the Lease is to expire on December 13, 2021, and Lessee and Lessor desire and have agreed to extend the term of the Lease, to make certain other modifications to the Lease and to enter into this Amendment to amend and modify the Original Lease as hereinafter set forth (the Original Lease as herein amended is referred to as the "**Lease**"), all to be effective as of the date hereof.

**NOW THEREFORE**, in consideration of the promises herein as well as other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, Lessor and Lessee agree as follows:

1.  <u>Recitations and Definitions</u>. The foregoing recitations of fact are true and correct and are incorporated herein by this reference. All capitalized terms contained in this Amendment shall have the meaning ascribed to them in the Lease unless otherwise defined herein.

2.  <u>Initial Term</u>. Notwithstanding anything in the Lease to the contrary, including Paragraph 3(a) of the Lease, and from and after the Effective Date (as hereinafter defined), the initial term of the Lease is hereby extended and shall expire on December 31, 2037 (the "**Initial Term**"), unless terminated sooner as expressly provided in the Lease, and which Initial Term may be extended for six (6) additional periods of five (5) years each as set forth in Paragraph 3 below.

3.  <u>Optional Extensions</u>. The first sentence of Paragraph 3(b) is hereby deleted in its entirety there is inserted in its place and stead the following:

> "Provided that Lessee is not then in default under this Lease at the time it is required to exercise its option, Lessee shall have six (6) separate renewal options to extend the Initial Term of the Lease for five years each (each five year period is herein referred to as an "Extended Term) by giving written notice to Lessor of each such extension not less than ninety (90) days prior to the then current Initial Term or Extended term.".

4.  <u>Rent</u>. Notwithstanding anything in the Lease to the contrary, including Paragraph 4 of the Lease, and from and after the Effective Date, during the Initial Term of the Lease, Lessor shall pay Lessee, as rental, the annual sum of One Hundred Thirteen Three Hundred Forty Five and No/100 Dollars

($113,345.00), payable in equal monthly installments of Nine Thousand Four Hundred Forty Five and 42/100 Dollars ($9,445.42). Such rental amounts shall increase on January 1, 2023 and every five (5) years thereafter (including any Extended Term) by an amount equal to Seven and One Half Percent (7.5%) of the then applicable rental amount.

     5.     Reporting. No later than one hundred twenty (120) days from the end of Lessee's fiscal year, Lessee shall provide Lessor with the gross sales figures for the prior fiscal year for the Wendy's restaurant being operated on the Leased Premises.

     6.     Purchase Option. Paragraph 24 of the Original Lease shall be and is hereby deleted in its entirety.

     7.     Estoppel. A new Paragraph 37 shall be deemed added to the Original Lease as follows:

    "Lessee hereby agrees, from time to time, on not less than 15 days' prior notice, to execute and deliver to the Lessor an estoppel certificate (an "Estoppel Certificate"). An Estoppel Certificate may be conclusively relied on by Lessor or any prospective Lessor or mortgagee of the Leased Premises, and any other third party with whom Lessor is dealing, and shall certify the following, as of the date thereof: (i) the accuracy of this Lease and any amendments thereto; (ii) the Commencement Date and the date on which the then current Initial Term or Extended Term expires; (iii) that this Lease is unmodified and in full force and effect or in full force and effect as modified, stating the nature of all amendments and modifications; (iv) whether to the Lessee's knowledge the Lessor is in default or whether the Lessee has any claims or demands against the Lessor and, if so, specifying such claim or demand; and (v) to other correct and reasonably ascertainable facts that are covered by the terms of this Lease. Lessee's failure to deliver such statement within such time shall be conclusive upon Lessee (i) that this Lease (and any amendments thereto) is in full force and effect, without further modification, (ii) that there are no uncured defaults in Lessor's performance, and (iii) that not more than one month's Base Rent has been paid in advance."

     8.     Miscellaneous.

    (a)     Except as specifically amended or modified herein, each and every term, covenant and condition of the Lease is hereby ratified and confirmed and shall remain in full force and effect.

    (b)     To the extent of any inconsistency between this Amendment and the Lease, the provisions of this Amendment shall control.

    (c)     This Amendment shall be binding upon and inure to the benefit of the parties hereto, their legal representatives, successors and assigns, and Lessee agrees and acknowledges that this Amendment shall be binding upon Lessee irrespective of whether Lessor may assign its interests under the Purchase Agreement to another entity or party.

    (d)     This Amendment may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument. Facsimiles and/or scanned documents, including all signatures, shall be deemed originals for all purposes. The transmission of a signed counterpart of this Amendment by facsimile or by portable document file ("PDF") shall have the same force and effect as delivery of an original signed counterpart of this

Amendment, and shall constitute valid and effective delivery for all purposes. If either party delivers a signed counterpart of this Amendment by transmission of a facsimile or PDF, it shall also send promptly thereafter by overnight courier or personal delivery a signed original counterpart of this Amendment to the other party, but failure to do so shall not render this Amendment void or voidable by either party or postpone the Amendment Effective Date.

*[Signatures on following page.]*

IN WITNESS HEREOF, the parties have executed this First Amendment to Lease on the date first set forth above.

LESSOR:

1841 US 1 LLC, a Florida limited liability company

By: _____
      Amit Nigalaye, Manager

LESSEE:

STARBOARD GROUP OF SPACE COAST, LLC, a Florida limited liability company

By: _____
      Andrew Levy, Manager

ACTIVE: 10237063_1

**IN WITNESS HEREOF,** the parties have executed this First Amendment to Lease on the date first set forth above.

LESSOR:

1841 US 1 LLC, a Florida limited liability company

By: _____
    Amit Nigalaye, Manager

LESSEE:

STARBOARD GROUP OF SPACE COAST, LLC, a Florida limited liability company

By: _____
    Andrew Levy, Manager

ACTIVE: 10237063_1

Exhibit B

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

| | |
|---|---|
| Starboard Group of Space Coast, LLC | Case No. 6:23-bk-04789-TPG |
| Starboard Group of Southeast Florida, LLC | Case No. 6:23-bk-04791-TPG |
| Starboard Group of Tampa, LLC | Case No. 6:23-bk-04790-TPG |
| Starboard Group of Tampa II, LLC | Case No. 6:23-bk-04793-TPG |
| Starboard Group of Alabama, LLC | Case No. 6:23-bk-04792-TPG |
| Starboard with Cheese, LLC | Case No. 6:23-bk-04796-TPG |
| 7 S&M Foods, LLC | Case No. 6:23-bk-04798-TPG |
| 9 S&M Foods, LLC | Case No. 6:23-bk-04800-TPG |
| 10 S&M Foods, LLC | Case No. 6:23-bk-04802-TPG |
| SBG Burger Opco, LLC; | Case No. 6:23-bk-04797-TPG (Lead Case) |
| | Chapter 11 – Jointly Administered |

Debtors.

_____/

## NOTICE OF FILING PROPOSED ASSUMPTION AND ASSIGNMENT LIST
### (DOC. NO. 244)

SBG Burger Opco, LLC ("**SBG Burger**"); Starboard Group of Space Coast, LLC ("**SBG Space Coast**"); Starboard Group of Southeast Florida, LLC ("**SBG Southeast**"); Starboard Group of Tampa, LLC ("**SBG Tampa**"); Starboard Group of Tampa II, LLC ("**SBG Tampa II**"); Starboard Group of Alabama, LLC ("**SBG Alabama**") and Starboard with Cheese, LLC ("**SBG Cheese**"); 7 S & M Foods, LLC ("**7SMF**"); 9 S&M Foods, LLC ("**9SMF**"); and 10 S&M Foods, LLC ("**10SMF**") (collectively, the "**Debtors**"), by counsel, hereby files its "**Proposed Assumption and Assignment List**" attached hereto as **Exhibit A**.

Specifically, the enclosed is a list of Contracts that may be subject to assumption and assignment pursuant to any Sale.[1] The Proposed Assumption and Assignment List includes the

_____

[1] All capitalized terms not defined herein shall have the same meaning as ascribed to such term in the Debtors' Motion for an Order (I) Approving Bid Procedures in Connection with the Sale of Substantially all of the Debtors' Assets; (II) Approving a Break-Up Fee and Minimum Overbid Amount; (III) Scheduling a Sale Hearing; (IV) Approving Assumption and Assignment Procedures; and (V) Granting Certain Related Relief (Doc. No. 244) ("the "**Bid Procedures Motion**"), as such definition may be amended by any order approving the Bid Procedures Motion.

following information: (1) the contract potentially subject to assumption and assignment; (2) the counterparties to such contract; (3) the Seller(s)' good faith estimate of the amount owed under the contract potentially subject to assumption and assignment; and (4) the cure amount proposed to be paid in satisfaction of the requirements of 11 U.S.C. § 365. For the avoidance of doubt, the inclusion of a Contract on the Proposed Assumption and Assignment List does not constitute an admission that any Contract listed therein is an executory contract or that such Cure Payment constitutes a claim against the Debtors or a right against any Successful Bidder, all rights thereto being expressly reserved. Further, the inclusion of a Contract on the Proposed Assumption and Assignment List is not a guarantee that such contract will ultimately be assumed and assigned to a Successful Bidder. This Proposed Assumption and Assignment List remains subject to further revision

Dated: March 13, 2024.

Respectfully submitted,

/s/Scott A. Underwood
Scott A. Underwood
Florida Bar Number 730041
Thomas M. Messana
Florida Bar Number 991422
Daniel E. Etlinger
Florida Bar Number 77420
UNDERWOOD MURRAY, P.A.
100 N Tampa Street, Ste. 2325
Tampa, FL 33602
(813) 540-8401
Email: sunderwood@underwoodmurray.com
           tmessana@underwoodmurray.com
           detlinger@underwoodmurray.com
*Counsel to the Debtors*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing, that was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF on March 13, 2024.

/s/ Scott A. Underwood
Scott A. Underwood

Exhibit A

# Proposed Assumption and Assignment List

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**
**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| First Amendment to Lease Agreement | Starboard Group of Space Coast, LLC | 135 PALM BAY, LLC | $ 6,037.96 | $ 301.90 |
| First Amendment to Lease Agreement | Starboard Group of Space Coast, LLC | 1841 US 1 LLC. | 4,685.99 | $ 234.30 |
| Operating Lease | Starboard Group of Tampa, LLC | 2018 PCG FUND LLC | 4,076.58 | $ 203.83 |
| Amended and Restated Net Lease Agreement | Starboard Group of Tampa, LLC | 47THLAP, LLC | 4,305.98 | $ 215.30 |
| Lease Agreement | S&M JV (7 S&M Foods, LLC) | 7 S&M LAND, LLC | 3,063.67 | $ 153.18 |
| First Amendment to Master Lease Agreement | Starboard Group of Alabama, LLC | AL QSR RE OWNER LLC | 5,931.76 | $ 296.59 |
| First Amendment to Master Lease Agreement | Starboard Group of Alabama, LLC | AL QSR RE OWNER LLC | 4,210.12 | $ 210.51 |
| First Amendment to Master Lease Agreement | Starboard Group of Alabama, LLC | AL QSR RE OWNER LLC | 5,340.97 | $ 267.05 |
| First Amendment to Master Lease Agreement | Starboard Group of Alabama, LLC | AL QSR RE OWNER LLC | 4,976.95 | $ 248.85 |
| Amendment to Lease Agreement | Starboard Group of Space Coast, LLC | ARC CAFEUSA001, LLC. | 2,108.48 | $ 105.42 |
| Amendment to Lease Agreement | Starboard Group of Space Coast, LLC | ARC CAFEUSA001, LLC. | 2,480.56 | $ 124.03 |
| Amendment to Lease Agreement | Starboard Group of Space Coast, LLC | ARC CAFEUSA001, LLC. | 2,935.34 | $ 146.77 |
| Amendment to Lease Agreement | Starboard Group of Space Coast, LLC | ARC CAFEUSA001, LLC. | 2,893.99 | $ 144.70 |
| Amendment to Lease Agreement | Starboard Group of Space Coast, LLC | ARC CAFEUSA001, LLC. | 2,769.96 | $ 138.50 |
| Amended and Restated Ground Lease | Starboard Group of Tampa II, LLC | B&B CASH GROCERY STORES, INC. | 3,793.37 | $ 189.67 |
| Lease Agreement | Starboard Group With Cheese, LLC | BEACON MANNA LLC | 4,201.11 | $ 210.06 |
| Lease Agreement and Option Exercise | Starboard Group of Southeast Florida, LLC | BT FOODS | 7,483.47 | $ 374.17 |
| Amendment to Lease Agreement | Starboard Group of Space Coast, LLC | CE-BETT ST. LUCIE, LLC. | 5,046.53 | $ 252.33 |
| Operating Lease | Starboard Group of Southeast Florida, LLC | COLONIAL SUITES, LLC | 6,068.26 | $ 303.41 |
| Operating Lease | Starboard Group of Southeast Florida, LLC | COLONIAL SUITES, LLC | 8,465.40 | $ 423.27 |
| Operating Lease | Starboard Group of Southeast Florida, LLC | COLONIAL SUITES, LLC | 4,341.06 | $ 217.05 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**

**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Operating Lease | Starboard Group of Southeast Florida, LLC | COLONIAL SUITES, LLC | 6,041.35 | $ 302.07 |
| Operating Lease | Starboard Group of Southeast Florida, LLC | COLONIAL SUITES, LLC | 7,268.99 | $ 363.45 |
| Operating Lease | Starboard Group of Southeast Florida, LLC | COLONIAL SUITES, LLC | 5,735.32 | $ 286.77 |
| Operating Lease | Starboard Group of Southeast Florida, LLC | COLONIAL SUITES, LLC | 7,268.99 | $ 363.45 |
| Operating Lease | Starboard Group of Southeast Florida, LLC | COLONIAL SUITES, LLC | 6,268.08 | $ 313.40 |
| Lease | Starboard Group of Alabama, LLC | DC OIL COMPANY INC | 4,153.48 | $ 207.67 |
| First Amendment to Ground Lease | Starboard Group of Tampa II, LLC | DNK UNITED TWO LLC | 2,494.53 | $ 124.73 |
| Ground Lease | Starboard Group of Space Coast, LLC | EHDEN, N.V. | 2,027.05 | $ 101.35 |
| Memorandum of Lease and Assignment of Lease | Starboard Group of Alabama, LLC | EIDSON PROPERTIES, LLC. | 1,733.33 | $ 86.67 |
| Operating Lease and Memorandum of Lease | Starboard Group of Space Coast, LLC | EJT ENTERPRISES, LLC | 5,576.46 | $ 278.82 |
| First Amendment to Operating Lease | Starboard Group of Tampa II, LLC | FICA HOLDINGS, LLC | 5,646.24 | $ 282.31 |
| Memorandum of Lease | Starboard Group of Space Coast, LLC | FIRST NATIONAL BANK OF SOUTH MIAMI | 3,107.58 | $ 155.38 |
| Shopping Center Lease Agreement | Starboard Group of Tampa, LLC | FLORIDA WATERS EAST SDC, LLC | 4,578.56 | $ 228.93 |
| Amendment to Lease Agreement | Starboard Group of Space Coast, LLC | FMJ PROPERTIES LLC | 3,461.25 | $ 173.06 |
| Amendment to Lease | Starboard Group of Space Coast, LLC | GUTHRIE REALTY, LLC. | 3,461.25 | $ 173.06 |
| Assignment of Lease and Consent | Starboard Group of Space Coast, LLC | INTERVEST-NORTHMILL PARTNERS, LLC | 3,096.86 | $ 154.84 |
| Assignment Agreement | Starboard Group of Tampa, LLC | J & N PROPERTIES, LLC | 5,510.47 | $ 275.52 |
| First Amendment to Lease Agreement | Starboard Group of Alabama, LLC | JMC III, LLC. | 4,401.60 | $ 220.08 |
| Assignment and Assumption of Lease | Starboard Group of Tampa, LLC | JN 159 LLC | 6,486.84 | $ 324.34 |
| Store 704 Lease | Starboard Group With Cheese, LLC | LION PETROLEUM IN | 2,653.61 | $ 132.68 |
| Assignment of Lease | Starboard Group of Space Coast, LLC | LUSTBERG, LLC. | 4,290.26 | $ 214.51 |

**SBG Burger Opco, LLC, et al., Debtors**
**United States Bankruptcy Court - Middle District of Florida - Orlando Division**
**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Amendment to Lease | Starboard Group of Space Coast, LLC | MAYFAIR SHIP SUPPLIES, INC. | 4,109.90 | $       205.49 |
| Store 705 Lease | Starboard Group With Cheese, LLC | MICHAEL D. QUAGLIANO | 6,473.08 | $       323.65 |
| Assignment of Lease and Consent | Starboard Group of Space Coast, LLC | PSL - WENDYS, LLC. | 5,189.84 | $       259.49 |
| Addendum to Lease | Starboard Group of Space Coast, LLC | RBM PALM BAY, LLC. | 4,926.43 | $       246.32 |
| Lease Agreement; Assignment Notice | S&M JV (9 S&M Foods, LLC) | S&M HOLDINGS LLC | 6,521.86 | $       326.09 |
| Lease Agreement (Corrected) | S&M JV (10 S&M Foods, LLC) | S&M HOLDINGS LLC | 4,875.42 | $       243.77 |
| Assignment and Assumption of Lease | Starboard Group of Alabama, LLC | SKYDANCE | 3,743.55 | $       187.18 |
| Operating Lease | Starboard Group of Space Coast, LLC | STATE STREET EAST, LLC. | 4,919.79 | $       245.99 |
| Operating Lease | Starboard Group of Alabama, LLC | SUKHJINDER S. BOLA | 2,636.11 | $       131.81 |
| Assignment and Assumption of Lease; Tenant Notice - Change | Starboard Group of Tampa, LLC | THREE T REALTY 124, LLC | 6,301.62 | $       315.08 |
| Assignment of Lease and Consent | Starboard Group of Space Coast, LLC | V & S REALTY CO, INC. | 3,514.21 | $       175.71 |
| Assignment of Lease and Consent | Starboard Group of Space Coast, LLC | V & S REALTY CO, INC. | 3,918.75 | $       195.94 |
| Assignment of Lease and Consent | Starboard Group of Space Coast, LLC | WENDY'S INTERNATIONAL, INC. | 6,877.58 | $       343.88 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**

**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**
**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 594.93 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa II, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa II, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa II, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**
**United States Bankruptcy Court - Middle District of Florida - Orlando Division**
**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | S&M JV (7 S&M Foods, LLC) | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | S&M JV (9 S&M Foods, LLC) | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | S&M JV (10 S&M Foods, LLC) | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 514.75 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 514.75 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 514.75 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 698.40 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 514.75 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 514.75 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 465.60 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 465.60 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 465.60 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 465.60 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 465.60 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 465.60 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 465.60 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 465.60 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 465.60 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 465.60 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**

**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 465.60 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 787.00 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 1,149.00 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 930.00 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 3,081.00 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 1,946.00 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 4,692.00 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 2,591.00 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 1,064.00 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 983.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 1,729.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 1,906.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 1,019.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 4,276.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 1,597.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 1,246.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 2,090.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 5,829.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 4,314.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 3,794.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 3,043.00 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**
**United States Bankruptcy Court - Middle District of Florida - Orlando Division**
**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 5,990.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 962.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 5,327.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 1,299.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 2,936.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 2,607.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 2,469.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 1,846.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 3,382.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 1,427.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 3,101.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 969.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 3,437.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 2,031.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 1,502.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 2,873.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa II, LLC | Quality Is Our Recipe, LLC | 1,292.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa II, LLC | Quality Is Our Recipe, LLC | 2,579.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 2,284.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 702.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa II, LLC | Quality Is Our Recipe, LLC | 2,159.00 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**

**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 1,127.00 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 1,001.00 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 1,293.00 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 1,854.00 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 1,604.00 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 1,636.00 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 405.00 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 1,451.00 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 653.00 | 0.00 |
| Franchise Agreement | S&M JV (7 S&M Foods, LLC) | Quality Is Our Recipe, LLC | 766.00 | 0.00 |
| Franchise Agreement | S&M JV (9 S&M Foods, LLC) | Quality Is Our Recipe, LLC | 2,062.00 | 0.00 |
| Franchise Agreement | S&M JV (10 S&M Foods, LLC) | Quality Is Our Recipe, LLC | 571.00 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 836.00 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 1,656.00 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 792.00 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 2,417.00 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 1,719.00 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 2,612.00 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 1,304.00 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 721.00 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 701.00 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**
**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 658.00 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 1,776.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 1,426.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 1,691.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 1,180.00 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 473.00 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 1,080.00 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 1,602.00 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 895.00 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 3,255.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | - | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 5,224.86 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 7,541.45 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 5,601.49 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 6,322.29 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 5,648.47 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 5,809.35 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 6,113.62 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 6,051.69 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 5,293.67 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 8,296.17 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**

**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 9,563.76 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 6,759.65 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 7,839.42 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 8,492.14 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 7,033.82 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 6,667.31 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 8,024.61 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 9,437.91 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 6,913.71 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 4,694.94 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 5,237.32 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 3,366.37 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 5,320.08 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 5,273.81 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 5,947.41 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 5,683.27 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 5,643.04 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 5,589.66 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 8,152.46 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 6,155.52 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 7,437.54 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**

**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 4,664.39 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 7,293.01 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 5,883.65 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 5,607.36 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 5,643.86 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa II, LLC | Quality Is Our Recipe, LLC | 6,578.62 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa II, LLC | Quality Is Our Recipe, LLC | 6,202.52 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 9,723.21 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 6,284.67 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa II, LLC | Quality Is Our Recipe, LLC | 6,565.77 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 6,370.85 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 5,321.85 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 12,654.09 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 7,541.34 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 9,509.97 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 9,667.58 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 5,020.10 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 6,239.54 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 5,945.88 | 0.00 |
| Franchise Agreement | S&M JV (7 S&M Foods, LLC) | Quality Is Our Recipe, LLC | 7,159.95 | 0.00 |
| Franchise Agreement | S&M JV (9 S&M Foods, LLC) | Quality Is Our Recipe, LLC | 9,749.44 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**

**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | S&M JV (10 S&M Foods, LLC) | Quality Is Our Recipe, LLC | 4,447.51 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 3,171.41 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 4,419.81 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 3,917.55 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 8,625.56 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 3,689.79 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 5,219.90 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 3,181.39 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 4,317.65 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 2,338.82 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 1,953.70 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 2,470.82 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 2,516.96 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 2,273.64 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 2,321.01 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 1,889.88 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 2,003.53 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 2,448.60 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 2,256.69 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 2,720.28 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 31,286.81 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**

**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 45,627.95 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 34,114.01 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 38,277.18 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 33,964.79 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 35,265.33 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 34,096.06 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 37,414.38 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 31,803.77 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 49,136.98 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 58,477.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 41,450.98 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 48,213.43 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 51,780.15 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 42,902.40 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 40,516.22 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 49,178.48 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 55,706.53 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 41,250.21 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 28,273.98 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 30,988.81 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 19,458.88 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**

**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 32,740.06 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 31,805.59 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 35,066.83 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 34,343.15 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 33,849.29 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 32,404.96 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 47,895.57 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 36,396.01 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 45,326.41 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 23,625.86 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 40,716.59 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 33,252.88 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 32,066.75 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 28,936.27 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa II, LLC | Quality Is Our Recipe, LLC | 36,408.06 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa II, LLC | Quality Is Our Recipe, LLC | 33,432.74 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 54,241.94 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 30,739.54 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa II, LLC | Quality Is Our Recipe, LLC | 36,456.90 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 39,851.34 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 30,619.25 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**

**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 54,282.83 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 36,730.69 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 29,961.16 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 30,135.02 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 23,765.97 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 36,002.81 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 25,068.44 | 0.00 |
| Franchise Agreement | S&M JV (7 S&M Foods, LLC) | Quality Is Our Recipe, LLC | 20,599.91 | 0.00 |
| Franchise Agreement | S&M JV (9 S&M Foods, LLC) | Quality Is Our Recipe, LLC | 40,001.40 | 0.00 |
| Franchise Agreement | S&M JV (10 S&M Foods, LLC) | Quality Is Our Recipe, LLC | 27,130.89 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 17,402.10 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 18,251.97 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 22,118.44 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 52,275.94 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 19,434.62 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 31,308.51 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 16,833.86 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 18,804.68 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 10,591.23 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 8,860.72 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 11,220.75 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**

**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 11,858.25 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 10,054.03 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 10,387.52 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 8,880.05 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 8,497.61 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 11,139.53 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 9,722.69 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 12,662.15 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**
**United States Bankruptcy Court - Middle District of Florida - Orlando Division**
**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**

**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 651.67 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa II, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa II, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa II, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | S&M JV (7 S&M Foods, LLC) | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | S&M JV (9 S&M Foods, LLC) | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | S&M JV (10 S&M Foods, LLC) | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 563.83 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 563.83 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**
**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 563.83 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 765.00 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 563.83 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 563.83 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 510.00 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 510.00 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 510.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 510.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 510.00 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 510.00 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 510.00 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 510.00 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 510.00 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 510.00 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 510.00 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**

**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**

**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa II, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa II, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa II, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**

**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | S&M JV (7 S&M Foods, LLC) | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | S&M JV (9 S&M Foods, LLC) | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | S&M JV (10 S&M Foods, LLC) | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**

**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | Quality Is Our Recipe, LLC | 176.87 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Southeast Florida, LLC | Wendy's Technology, LLC | 5,982.36 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Southeast Florida, LLC | Wendy's Technology, LLC | 8,250.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Southeast Florida, LLC | Wendy's Technology, LLC | 5,906.79 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Southeast Florida, LLC | Wendy's Technology, LLC | 5,871.51 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Southeast Florida, LLC | Wendy's Technology, LLC | 6,000.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Southeast Florida, LLC | Wendy's Technology, LLC | 5,930.36 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Southeast Florida, LLC | Wendy's Technology, LLC | 4,105.92 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Southeast Florida, LLC | Wendy's Technology, LLC | 8,194.17 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Southeast Florida, LLC | Wendy's Technology, LLC | 6,000.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Space Coast, LLC | Wendy's Technology, LLC | 8,187.08 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Space Coast, LLC | Wendy's Technology, LLC | 8,004.75 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Space Coast, LLC | Wendy's Technology, LLC | 5,990.55 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Space Coast, LLC | Wendy's Technology, LLC | 8,250.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Space Coast, LLC | Wendy's Technology, LLC | 8,177.19 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Space Coast, LLC | Wendy's Technology, LLC | 8,250.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Space Coast, LLC | Wendy's Technology, LLC | 8,250.00 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**
**United States Bankruptcy Court - Middle District of Florida - Orlando Division**
**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Technology Products and Services Agreement | Starboard Group of Space Coast, LLC | Wendy's Technology, LLC | 8,250.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Space Coast, LLC | Wendy's Technology, LLC | 8,237.22 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Space Coast, LLC | Wendy's Technology, LLC | 8,250.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Space Coast, LLC | Wendy's Technology, LLC | 4,125.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Space Coast, LLC | Wendy's Technology, LLC | 4,125.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Space Coast, LLC | Wendy's Technology, LLC | 4,125.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Space Coast, LLC | Wendy's Technology, LLC | 4,125.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Space Coast, LLC | Wendy's Technology, LLC | 5,977.40 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Space Coast, LLC | Wendy's Technology, LLC | 6,000.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Space Coast, LLC | Wendy's Technology, LLC | 6,000.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Space Coast, LLC | Wendy's Technology, LLC | 6,000.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Space Coast, LLC | Wendy's Technology, LLC | 6,000.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Space Coast, LLC | Wendy's Technology, LLC | 8,115.24 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Space Coast, LLC | Wendy's Technology, LLC | 6,000.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Space Coast, LLC | Wendy's Technology, LLC | 8,250.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Tampa, LLC | Wendy's Technology, LLC | 4,093.67 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Tampa, LLC | Wendy's Technology, LLC | 5,988.14 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Tampa, LLC | Wendy's Technology, LLC | 6,000.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Tampa, LLC | Wendy's Technology, LLC | 4,125.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Tampa, LLC | Wendy's Technology, LLC | 3,474.92 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Tampa II, LLC | Wendy's Technology, LLC | 5,947.05 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**
**United States Bankruptcy Court - Middle District of Florida - Orlando Division**
**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Technology Products and Services Agreement | Starboard Group of Tampa II, LLC | Wendy's Technology, LLC | 6,000.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Tampa, LLC | Wendy's Technology, LLC | 8,202.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Tampa, LLC | Wendy's Technology, LLC | 5,979.08 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Tampa II, LLC | Wendy's Technology, LLC | 6,000.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Alabama, LLC | Wendy's Technology, LLC | 6,240.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Alabama, LLC | Wendy's Technology, LLC | 6,240.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Alabama, LLC | Wendy's Technology, LLC | 8,580.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Alabama, LLC | Wendy's Technology, LLC | 6,240.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Alabama, LLC | Wendy's Technology, LLC | 4,290.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Alabama, LLC | Wendy's Technology, LLC | 4,290.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Alabama, LLC | Wendy's Technology, LLC | 6,200.51 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Alabama, LLC | Wendy's Technology, LLC | 4,290.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Alabama, LLC | Wendy's Technology, LLC | 6,203.00 | 0.00 |
| Technology Products and Services Agreement | S&M JV (7 S&M Foods, LLC) | Wendy's Technology, LLC | 4,290.00 | 0.00 |
| Technology Products and Services Agreement | S&M JV (9 S&M Foods, LLC) | Wendy's Technology, LLC | 8,580.00 | 0.00 |
| Technology Products and Services Agreement | S&M JV (10 S&M Foods, LLC) | Wendy's Technology, LLC | 4,290.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group With Cheese, LLC | Wendy's Technology, LLC | 3,786.21 | 0.00 |
| Technology Products and Services Agreement | Starboard Group With Cheese, LLC | Wendy's Technology, LLC | 3,513.89 | 0.00 |
| Technology Products and Services Agreement | Starboard Group With Cheese, LLC | Wendy's Technology, LLC | 4,125.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group With Cheese, LLC | Wendy's Technology, LLC | 8,859.09 | 0.00 |
| Technology Products and Services Agreement | Starboard Group With Cheese, LLC | Wendy's Technology, LLC | 5,499.86 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**
**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Technology Products and Services Agreement | Starboard Group With Cheese, LLC | Wendy's Technology, LLC | 4,485.93 | 0.00 |
| Technology Products and Services Agreement | Starboard Group With Cheese, LLC | Wendy's Technology, LLC | 3,768.65 | 0.00 |
| Technology Products and Services Agreement | Starboard Group With Cheese, LLC | Wendy's Technology, LLC | 5,392.22 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Southeast Florida, LLC | Wendy's Technology, LLC | 2,738.57 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Southeast Florida, LLC | Wendy's Technology, LLC | 2,750.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Southeast Florida, LLC | Wendy's Technology, LLC | 2,750.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Tampa, LLC | Wendy's Technology, LLC | 2,750.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Tampa, LLC | Wendy's Technology, LLC | 2,736.68 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Tampa, LLC | Wendy's Technology, LLC | 2,729.21 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Alabama, LLC | Wendy's Technology, LLC | 2,860.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group of Alabama, LLC | Wendy's Technology, LLC | 2,860.00 | 0.00 |
| Technology Products and Services Agreement | Starboard Group With Cheese, LLC | Wendy's Technology, LLC | 3,018.12 | 0.00 |
| Technology Products and Services Agreement | Starboard Group With Cheese, LLC | Wendy's Technology, LLC | 2,887.50 | 0.00 |
| Technology Products and Services Agreement | Starboard Group With Cheese, LLC | Wendy's Technology, LLC | 2,901.26 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | The Wendy's National Advertising Program, Inc. | 32,087.83 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | The Wendy's National Advertising Program, Inc. | 46,728.09 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | The Wendy's National Advertising Program, Inc. | 34,812.63 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | The Wendy's National Advertising Program, Inc. | 38,951.89 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | The Wendy's National Advertising Program, Inc. | 34,769.65 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | The Wendy's National Advertising Program, Inc. | 36,113.18 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | The Wendy's National Advertising Program, Inc. | 34,557.20 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**

**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | The Wendy's National Advertising Program, Inc. | 37,754.29 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | The Wendy's National Advertising Program, Inc. | 32,591.57 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | The Wendy's National Advertising Program, Inc. | 49,961.53 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | The Wendy's National Advertising Program, Inc. | 59,130.39 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | The Wendy's National Advertising Program, Inc. | 41,989.50 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | The Wendy's National Advertising Program, Inc. | 48,683.55 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | The Wendy's National Advertising Program, Inc. | 52,640.89 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | The Wendy's National Advertising Program, Inc. | 43,543.05 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | The Wendy's National Advertising Program, Inc. | 41,101.38 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | The Wendy's National Advertising Program, Inc. | 49,794.42 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | The Wendy's National Advertising Program, Inc. | 56,771.44 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | The Wendy's National Advertising Program, Inc. | 41,636.04 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | The Wendy's National Advertising Program, Inc. | 28,903.13 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | The Wendy's National Advertising Program, Inc. | 31,713.84 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | The Wendy's National Advertising Program, Inc. | 20,168.78 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | The Wendy's National Advertising Program, Inc. | 33,086.03 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | The Wendy's National Advertising Program, Inc. | 32,639.36 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | The Wendy's National Advertising Program, Inc. | 35,496.36 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | The Wendy's National Advertising Program, Inc. | 35,058.14 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | The Wendy's National Advertising Program, Inc. | 34,568.92 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | The Wendy's National Advertising Program, Inc. | 33,527.02 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**

**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group of Space Coast, LLC | The Wendy's National Advertising Program, Inc. | 48,932.01 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | The Wendy's National Advertising Program, Inc. | 36,774.90 | 0.00 |
| Franchise Agreement | Starboard Group of Space Coast, LLC | The Wendy's National Advertising Program, Inc. | 46,131.39 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | The Wendy's National Advertising Program, Inc. | 23,988.04 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | The Wendy's National Advertising Program, Inc. | 41,201.55 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | The Wendy's National Advertising Program, Inc. | 33,579.14 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | The Wendy's National Advertising Program, Inc. | 32,158.05 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | The Wendy's National Advertising Program, Inc. | 29,711.87 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa II, LLC | The Wendy's National Advertising Program, Inc. | 37,207.34 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa II, LLC | The Wendy's National Advertising Program, Inc. | 33,735.38 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | The Wendy's National Advertising Program, Inc. | 55,048.32 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | The Wendy's National Advertising Program, Inc. | 31,165.24 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa II, LLC | The Wendy's National Advertising Program, Inc. | 37,278.10 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | The Wendy's National Advertising Program, Inc. | 40,066.79 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | The Wendy's National Advertising Program, Inc. | 31,070.36 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | The Wendy's National Advertising Program, Inc. | 55,098.77 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | The Wendy's National Advertising Program, Inc. | 37,411.56 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | The Wendy's National Advertising Program, Inc. | 30,363.04 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | The Wendy's National Advertising Program, Inc. | 30,916.03 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | The Wendy's National Advertising Program, Inc. | 24,120.93 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | The Wendy's National Advertising Program, Inc. | 36,235.82 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**

**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group of Alabama, LLC | The Wendy's National Advertising Program, Inc. | 25,733.89 | 0.00 |
| Franchise Agreement | S&M JV (7 S&M Foods, LLC) | The Wendy's National Advertising Program, Inc. | 21,165.77 | 0.00 |
| Franchise Agreement | S&M JV (9 S&M Foods, LLC) | The Wendy's National Advertising Program, Inc. | 40,982.75 | 0.00 |
| Franchise Agreement | S&M JV (10 S&M Foods, LLC) | The Wendy's National Advertising Program, Inc. | 27,608.45 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | The Wendy's National Advertising Program, Inc. | 18,691.62 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | The Wendy's National Advertising Program, Inc. | 19,895.39 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | The Wendy's National Advertising Program, Inc. | 22,589.33 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | The Wendy's National Advertising Program, Inc. | 51,176.07 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | The Wendy's National Advertising Program, Inc. | 21,274.16 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | The Wendy's National Advertising Program, Inc. | 30,844.81 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | The Wendy's National Advertising Program, Inc. | 18,438.58 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | The Wendy's National Advertising Program, Inc. | 21,288.93 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | The Wendy's National Advertising Program, Inc. | 13,051.79 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | The Wendy's National Advertising Program, Inc. | 10,810.69 | 0.00 |
| Franchise Agreement | Starboard Group of Southeast Florida, LLC | The Wendy's National Advertising Program, Inc. | 13,781.85 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | The Wendy's National Advertising Program, Inc. | 13,995.55 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | The Wendy's National Advertising Program, Inc. | 12,285.40 | 0.00 |
| Franchise Agreement | Starboard Group of Tampa, LLC | The Wendy's National Advertising Program, Inc. | 12,874.74 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | The Wendy's National Advertising Program, Inc. | 10,858.17 | 0.00 |
| Franchise Agreement | Starboard Group of Alabama, LLC | The Wendy's National Advertising Program, Inc. | 10,821.31 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | The Wendy's National Advertising Program, Inc. | 13,774.13 | 0.00 |

**SBG Burger Opco, LLC, et al., Debtors**

**United States Bankruptcy Court - Middle District of Florida - Orlando Division**

**Case No. 6:23-bk-04797-TPG - Jointly Administered**

| Contract Title | Debtor Party | Counterparty Name | Estimated Cure | Proposed Cure |
|---|---|---|---|---|
| Franchise Agreement | Starboard Group With Cheese, LLC | The Wendy's National Advertising Program, Inc. | 12,240.76 | 0.00 |
| Franchise Agreement | Starboard Group With Cheese, LLC | The Wendy's National Advertising Program, Inc. | 15,328.98 | 0.00 |

Exhibit C

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:

| | |
|---|---|
| Starboard Group of Space Coast | Case No. 6:23-bk-04789 |
| Starboard Group of Tampa, LLC | Case No. 6:23-bk-04790 |
| Starboard Group of Southeast Florida, LLC | Case No. 6:23-bk-04791 |
| Starboard Group of Alabama, LLC | Case No. 6:23-bk-04792 |
| Starboard Group of Tampa II, LLC | Case No. 6:23-bk-04793 |
| Starboard with Cheese, LLC | Case No. 6:23-bk-04796 |
| 7 S & M Foods, LLC | Case No. 6:23-bk-04798 |
| 9 S & M Foods, LLC | Case No. 6:23-bk-04800 |
| 10 S & M Foods, LLC | Case No. 6:23-bk-04802 |
| SBG Burger Opco, LLC | Case No. 6:23-bk-04797 (Lead Case) |

Debtors.

Chapter 11 – Jointly Administered

_____/

## CERTIFICATE OF SERVICE

I, Sabrina G. Tu, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtors in the above-captioned cases.

On March 22, 2024, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on the service list attached hereto as **Exhibit A**, and via electronic mail on the service list attached hereto as **Exhibit B**:

- **Order Granting Debtors' Motion for an Order (I) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtors' Assets; (II) Approving a Break-Up Fee and Minimum Overbid Amount; (III) Scheduling a Sale Hearing; (IV) Approving Assumption and Assignment Procedures; and (V) Granting Certain Related Relief** (Docket No. 327)

- **Debtors' Second Motion to Extend Claims Bar Date for Debtors to File Intercompany Claims** (Docket No. 330)

Dated: March 25, 2024

_/s/ Sabrina G. Tu_
Sabrina G. Tu
STRETTO
410 Exchange, Suite 100
Irvine, CA 92602
888-585-3807
StarboardInquiries@stretto.com

# Exhibit A



**Exhibit A**
Served Via First-Class Mail

| NAME | ATTENTION | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|
| AL QSR RE OWNER LLC | ATTN: MARTIN EPSTEIN | 100 MERRICK ROAD | SUITE 202E | ROCKVILLE CENTRE | NY | 11570 |
| AYDELOTT EQUIPMENT, INC. | ATTN: HERB AYDELOTT | 119 COMPARK ROAD | | CENTERVILLE | OH | 45459 |
| BEACON MANNA LLC [SHOU-CHEN LIN] | ATTN: ERIC LEE | 5405 ALTON PARKWAY | SUITE A507 | IRVINE | CA | 92604 |
| BECKER & POLIAKOFF | JON POLENBERG | 1 EAST BROWARD BLVD | | FORT LAUDERDALE | FL | 33301 |
| BERKOWITZ POLLACK BRANT ADVISORS + CPAS | C/O BERGER SINGERMAN LLP | ATTN: PAUL S. SINGERMAN, ESQ. | 1450 BRICKELL AVENUE SUITE 1900 | MIAMI | FL | 33131 |
| BERKOWITZ POLLACK BRANT ADVISORS AND ACCOUNTANTS | ATTN LEGAL | PO BOX 735244 | | DALLAS | TX | 75373-5244 |
| BERKOWITZ POLLACK BRANT ADVISORS AND ACCOUNTANTS | ATTN: RICHARD POLLACK | 200 S. BISCAYNE BLVD | 7TH AND 8TH FLOORS | MIAMI | FL | 33131 |
| BIMBO QSR OHIO, LLC | ATTN: MARK BENDIX, PRESIDENT | 3005 E POINTE DRIVE | | ZANESVILLE | OH | 43701-7263 |
| BIMBO QSR OHIO, LLC | | 28424 NETWORK PLACE | | CHICAGO | IL | 60673-1284 |
| BLACKSTONE MECHANICAL CORP | | 111 TOWN SQUARE PLACE | | JERSEY CITY | NJ | 07310 |
| BP ENVIRONMENTAL SERVICES, INC. | ATTN LEGAL | PO BOX 188 | | CHALFONT | PA | 18914 |
| BP ENVIRONMENTAL SERVICES, INC. | LOU PELLEGRINO, CEO | 100 HIGHPOINT DRIVE | | CHALFONT | PA | 18914 |
| BREVARD COUNTY TAX COLLECTOR | ATTN: LEGAL | PO BOX 2500 | | TITUSVILLE | FL | 32781-2500 |
| BREVARD COUNTY TAX COLLECTOR | ATTN: LISA CULLEN, ALICIA FOLEY | 400 SOUTH STREET | 6TH FLOOR | TITUSVILLE | FL | 32780 |
| CD MAINTENANCE COMPANY, INC | ATTN: LEGAL DEPARTMENT | 2170 W STATE ROAD 434 | STE 450 | LONGWOOD | FL | 32779-5030 |
| DAVE THOMAS FOUNDATION FOR ADOPTION | MELINDA HAGGERTY, GENERAL COUNSEL | 4900 TUTTLE CROSSING BLVD | | DUBLIN | OH | 43016 |
| DEPARTMENT OF TREASURY - INTERNAL REVENUE SERVICE | | PO BOX 7346 | | PHILADELPHIA | PA | 19101-7346 |
| ECOLAB (PEST ELIMINATION) | ATTN: LANESHA MINNIX, GENERAL COUNSEL | 1 ECOLAB PLACE | | ST PAUL | MN | 55102 |
| ECOLAB (PEST ELIMINATION) | | 26252 NETWORK PLACE | | CHICAGO | IL | 60673-1262 |
| GRIDPOINT, INC, | ATTN: TOM NELSON, GENERAL COUNSEL | 11921 FREEDOM DRIVE | SUITE 1120 | RESTON | VA | 20190 |
| HILLSBOROUGH COUNTY TAX COLLECTOR | ATTN: NANCY C. MILLAN, TAX COLLECTOR | 2506 N. FALKENBURG ROAD | | TAMPA | FL | 33619 |
| JACKSON LEWIS LLP | ATTN LEGAL | PO BOX 416019 | | BOSTON | MA | 02241-6019 |
| JACKSON LEWIS LLP | STEPHANIE L. ADLER-PAINDIRIS | 390 N. ORANGE AVENUE | SUITE 1285 | ORLANDO | FL | 32801 |
| K & M OF SOUTH FLORIDA, INC. | ATTN: MARIO LORENZO | 719 SOUTH 15TH AVENUE | | HOLLYWOOD | FL | 33020 |
| LIFE SAFETY ENGINEERED SYSTEMS, INC | ATTN: ANGEL VEZINA, CEO | 60 SONWIL DRIVE | | BUFFALO | NY | 14225 |
| LOOMIS ARMORED US, LLC. | ATTN: LEGAL DEPARTMENT | DEPT. CH. 10500 | | PALATINE | IL | 60055 |
| LOOMIS ARMORED US, LLC. | BJÖRN ZÜGE, PRESIDENT AND CEO | 2500 CITYWEST BLVD | SUITE 2300 | HOUSTON | TX | 77042 |
| MATTHEW MARANO | | PO BOX 297168 | | PEMBROKE PINES | FL | 33029 |
| MATTHEW MARANO DBA MATTEOS LANDSCAPING CO, INC. | ATTN: MATTHEW MARANO | PO BOX 297168 | | SOUTHWEST RANCHES | FL | 33332 |
| MCS COMMERCIAL, LLC | ATTN: ANDREW NOLAN AND JON M. LIPPARD | 350 HIGHLAND DR | SUITE 100 | LEWISVILLE | TX | 75067 |
| NANCY C. MILLAN, TAX COLLECTOR [HILLSBOROUGH COUNTY TAX COLLECTOR] | ATTN LEGAL | PO BOX 30012 | | TAMPA | FL | 33630-3012 |
| NCR CORPORATION | ATTN LEGAL | PO BOX 198755 | | ATLANTA | GA | 30384-8755 |
| NCR CORPORATION | ATTN: KELLI STERRETT, GENERAL COUNSEL | 864 SPRING ST NW | | ATLANTA | GA | 30308 |
| SHUTTS & BOWEN LLP | ATTN LEGAL | PO BOX 919770 | | ORLANDO | FL | 32891-9770 |
| SHUTTS & BOWEN LLP | ATTN: MARY RUTH HOUSTON | 300 SOUTH ORANGE AVENUE | SUITE 1600 | ORLANDO | FL | 32801 |
| SOUTHEASTERN FOOD MERCHANDISERS, LP | JIM ACOMB, GENERAL MANAGER | 201 PARKER DRIVE | | PELHAM | AL | 35124 |
| SYGMA NETWORK | ATTN: JIM PROCUNIAR, PRESIDENT | 5550 BLAZER PARKWAY | | DUBLIN | OH | 43017 |
| SYNERGI PARTNERS, INC. | ATTN LEGAL | PO BOX 75595 | | CHICAGO | IL | 60675-5595 |
| SYNERGI PARTNERS, INC. | ATTN: ASHLEY HOGSETTE, CHRISTEL LAYTON | 151 W. EVANS ST. | | FLORENCE | SC | 29501 |
| THREE T REALTY 124, LLC | C/O STICHTER, RIEDEL, BLAIN & POSTLER, P.A. | ATTN: SCOTT A. STICHTER | 110 EAST MADISON STREET SUITE 200 | TAMPA | FL | 33602 |
| U.S. SECURITIES & EXCHANGE COMMISSION | OFFICE OF REORGANIZATION | 950 EAST PACES FERRY ROAD NE | SUITE 900 | ATLANTA | GA | 30326-1382 |
| U.S. SMALL BUSINESS ADMINISTRATION | | 7825 BAYMEADOWS WAY | SUITE 100-B | JACKSONVILLE | FL | 32256 |
| UNITED HEALTHCARE INSURANCE COMPANY | ATTN LEGAL | PO BOX 94017 | | PALATINE | IL | 60094-4017 |
| UNITED HEALTHCARE INSURANCE COMPANY | RUPERT BONDY, CHIEF LEGAL OFFICER | 9900 BREN RD E | | MINNETONKA | MN | 55343 |
| US ATTORNEY'S OFFICE FOR THE DISTRICT OF FLORIDA | ATTN: CIVIL PROCESS CLERK | 400 WEST WASHINGTON STREET | SUITE 3100 | ORLANDO | FL | 32801 |
| WENDY'S INTERNATIONAL, LLC. | E.J. WUNSCH, CHIEF LEGAL OFFICER | ONE DAVE THOMAS BLVD | | DUBLIN | OH | 43017 |
| WENDY'S INTERNATIONAL, LLC. ROYALTIES | E.J. WUNSCH, CHIEF LEGAL OFFICER | ONE DAVE THOMAS BLVD | | DUBLIN | OH | 43017 |
| WENDYS NATIONAL ADVERTISING WNAP | E.J. WUNSCH, CHIEF LEGAL OFFICER | ONE DAVE THOMAS BLVD | | DUBLIN | OH | 43017 |
| WM CORPORATE SERVICES, INC. | AS PAYMENT AGENT | PO BOX 13648 | | PHILADELPHIA | PA | 19101-3648 |
| WM CORPORATE SERVICES, INC. | ATTN: CHARLES C. BOETTCHER, JACQUOLYN HATFIELD-MILLS | 800 CAPITOL STREET | SUITE 3000 | HOUSTON | TX | 77002 |

In re: SBG Burger Opco, LLC, et al.

Case No. 23-04797 (TPG)

# **Exhibit B**



**Exhibit B**
Served Via Electronic Mail

| NAME | ATTENTION 1 | ATTENTION 2 | EMAIL |
|------|-------------|-------------|-------|
| 2018 PCG FUND, LLC AND AB SR TAMPA, LLC | C/O LATHAM, LUNA, EDEN & BEAUDINE, LLP | ATTN: JUSTIN M. LUNA | JLUNA@LATHAMLUNA.COM BKNOTICE1@LATHAMLUNA.COM |
| AL QSR RE OWNER, LLC | C/O AKERMAN LLP | ATTN: D. BRETT MARKS | BRETT.MARKS@AKERMAN.COM CHARLENE.CERDA@AKERMAN.COM |
| AL QSR RE OWNER, LLC | C/O AKERMAN LLP | ATTN: ESTHER MCKEAN | ESTHER.MCKEAN@AKERMAN.COM |
| AYDELOTT EQUIPMENT, INC. | ATTN: HERB AYDELOTT | | HERB@AYDELOTT.COM BILL@DENIUSLAW.COM |
| AYDELOTT EQUIPMENT, INC. | C/O DENIUS LAW P.A. | ATTN: WILLIAM J. DENIUS | BILL@DENIUSLAW.COM |
| B&B CASH GROCERY STORES, INC. | C/O CAREY, O'MALLEY, WHITAKER, MUELLER, ROBERTS & SMITH, P.A. | ATTN: RANDALL P. MUELLER | RMUELLER@CAREYOMALLEY.COM AMORGAN@CAREYOMALLEY.COM |
| BARRY VIEW, INC. AND CIETEN, INC. | C/O HEPLERBROOM LLC | ATTN: THOMAS H. WILSON | THW@HEPLERBROOM.COM |
| BEACON MANNA LLC [SHOU-CHEN LIN] | ATTN: ERIC LEE | | ELEE2222@GMAIL.COM |
| BECKER & POLIAKOFF | JON POLENBERG | | JPOLENBERG@BECKERLAWYERS.COM |
| BERKOWITZ POLLACK BRANT ADVISORS + CPAS | C/O BERGER SINGERMAN LLP | ATTN: PAUL S. SINGERMAN, ESQ. | SINGERMAN@BERGERSINGERMAN.COM SCAPUANO@BERGERSINGERMAN.COM |
| BERKOWITZ POLLACK BRANT ADVISORS AND ACCOUNTANTS | ATTN: RICHARD POLLACK | | RPOLLACK@BPBCPA.COM |
| BIMBO QSR OHIO, LLC | | | TRISHA.DUPLER@GRUPOBIMBO.COM |
| BLACKSTONE MECHANICAL CORP | | | INFO@BLACKSTONEMECHANICAL.COM |
| BP ENVIRONMENTAL SERVICES, INC. | LOU PELLEGRINO, CEO | | INFO@WORKWITHBP.COM |
| BREVARD COUNTY TAX COLLECTOR | ATTN: LEGAL | | ALICIA.FOLEY@BREVARDTC.COM |
| BREVARD COUNTY TAX COLLECTOR | ATTN: LISA CULLEN, ALICIA FOLEY | | LISA.CULLEN@BREVARDTAXCOLLECTOR.COM ALICIA.FOLEY@BREVARDTC.COM |
| BREVARD COUNTY TAX COLLECTOR | C/O WINDERWEEDLE, HAINES, WARD & WOODMAN, P.A. | ATTN: HEIDI M. MITCHELL | HMITCHELL@WHWW.COM |
| BROWARD COUNTY | ATTN: ANDREW J. MEYERS, SCOTT ANDRON | | SANDRON@BROWARD.ORG SWULFEKUHLE@BROWARD.ORG |
| CITY NATIONAL BANK OF FLORIDA | C/O VENABLE LLP | ATTN: PAUL J. BATTISTA, ERIC D. JACOBS | PJBATTISTA@VENABLE.COM EJACOBS@VENABLE.COM CASCAVONE@VENABLE.COM BTRAINA@VENABLE.COM |
| COLONIAL SUITES, INC. | C/O HOFFMAN, LARIN & AGNETTI, P.A. | ATTN: MICHAEL S. HOFFMAN | MSHOFFMAN@HLALAW.COM |
| DAHIB INVESTMENTS CORP. | C/O CARLTON FIELDS, P.A. | ATTN J. RYAN YANT | RYANT@CARLTONFIELDS.COM |
| DAVE THOMAS FOUNDATION FOR ADOPTION | MELINDA HAGGERTY, GENERAL COUNSEL | | INFO@DAVETHOMASFOUNDATION.ORG |
| ECOLAB INC. | C/O KOHNER MANN AND KAILAS S.C. | ATTN: SAMUEL M. DRAVER; SAMUEL C. WISOTZKEY | SDRAVER@KMKSC.COM KMKSC@KMKSC.COM SWISOTZKEY@KMKSC.COM |
| ECOLAB, INC. | C/O WINDERWEEDLE, HAINES, WARD & WOODMAN, P.A. | ATTN: RYAN E. DAVIS | RDAVIS@WHWW.COM |
| EDC SERVICES GROUP, LLC [EDC FACILITIES MAINTENANCE GROUP] | C/O THE HEATWOLE LAW FIRM, P.A. | ATTN: JENNIFER L. MORANDO | JENNIFER@HEATWOLELAW.COM |
| EJT ENTERPRISES, LLC | C/O CORNERSTONE LAW FIRM, PLLC | ATTN: ANDREW S. BALLENTINE | ABALLENTINE@MYCORNERSTONELAW.COM ESERVICE@MYCORNERSTONELAW.COM |
| GRIDPOINT, INC | ATTN: TOM NELSON, GENERAL COUNSEL | | TNELSON@GRIDPOINT.COM |
| GUTHRIE REALTY, LLC | C/O FENDER, BOLLING AND PAIVA, P.A. | ATTN: G. STEVEN FENDER, CHAD S. PAIVA | TRUSTEE.PAIVA@GMAIL.COM STEVEN.FENDER@FENDER-LAW.COM |
| HILLSBOROUGH COUNTY TAX COLLECTOR | ATTN: BRIAN T. FITZGERALD, ESQ. | | FITZGERALDB@HILLSBOROUGHCOUNTY.ORG |
| HILLSBOROUGH COUNTY TAX COLLECTOR | ATTN: NANCY C. MILLAN, TAX COLLECTOR | | MILLAN@HILLSTAX.ORG |
| J & N WENDYS, LLC | C/O BUSH ROSS, P.A. | ATTN: ADAM LAWTON ALPERT | AALPERT@BUSHROSS.COM |
| JACKSON LEWIS LLP | STEPHANIE L. ADLER-PAINDIRIS | | STEPHANIE.ADLER-PAINDIRIS@JACKSONLEWIS.COM |

In re: SBG Burger Opco, LLC, et al.
Case No. 23-04797 (TPG)

Page 1 of 2



**Exhibit B**
Served Via Electronic Mail

| NAME | ATTENTION 1 | ATTENTION 2 | EMAIL |
|------|-------------|-------------|-------|
| K & M OF SOUTH FLORIDA, INC | C/O LAW OFFICES OF L. WILLIAM PORTER III, P.A. | ATTN: L. WILLIAM PORTER III | BILL@BILLPORTERLAW.COM |
| K & M OF SOUTH FLORIDA, INC. | ATTN: MARIO LORENZO | | KMOFSOUTHFLORIDA@GMAIL.COM |
| L&S 12TH ST PROPERTIES LLC AND WOODLAND NC PROPERTIES LLC | C/O MIRMAN, BUBMAN & NAHMIAS LLP | ATTN: ALAN I. NAHMIAS | ANAHMIAS@MBN.LAW |
| LUSTBERG LIMITED LIABILITY COMPANY | C/O LESSNE LAW | ATTN: MICHAEL D. LESSNE | MICHAEL@LESSNE.LAW |
| MATTHEW MARANO DBA MATTEOS LANDSCAPING CO, INC. | ATTN: MATTHEW MARANO | | MATTEOLANDSCAPE@AOL.COM |
| MAYFAIR SHIP SUPPLIES, INC. [MICHAEL PETIKAS, THEODORE PETIKAS] | C/O FURR AND COHEN, P.A. | ATTN: ROBERT C. FURR | RFURR@FURRCOHEN.COM JCRANE@FURRCOHEN.COM |
| MCS COMMERCIAL, LLC | ATTN: ANDREW NOLAN AND JON M. LIPPARD | | ANDREW.NOLAN@MCS360.COM JON.LIPPARD@MCS360.COM |
| MIDCAP FUNDING FRANCHISE FINANCE TRUST | C/O TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A. | ATTN: STEPHANIE C. LIEB | SLIEB@TRENAM.COM |
| NCR CORPORATION | ATTN: KELLI STERRETT, GENERAL COUNSEL | | KELLI.STERRETT@NCR.COM |
| NCR VOYIX CORPORATION | ATTN: ASHLEY THOMPSON | | ASHLEY.THOMPSON@NCRVOYIX.COM |
| NENGDAXIANG II, LLC | C/O STEWART LEGAL GROUP, P.L. | ATTN: GAVIN N. STEWART | BK@STEWARTLEGALGROUP.COM |
| OFFICE OF THE U.S. TRUSTEE FOR THE MIDDLE DISTRICT OF FLORIDA | ATTN: SCOTT E. BOMKAMP, BRYAN E. BUENAVENTURA, & WILLIAM J. SIMONITSCH | | SCOTT.E.BOMKAMP@USDOJ.GOV BRYAN.BUENAVENTURA@USDOJ.GOV WILLIAM.J.SIMONITSCH@USDOJ.GOV |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS | C/O BAST AMRON LLP | ATTN: JEFFREY P. BAST, DANA R. QUICK, JAIME B. LEGGETT | JBAST@BASTAMRON.COM DQUICK@BASTAMRON.COM JLEGGETT@BASTAMRON.COM |
| PBNJ, LLC | C/O SHUKER & DORRIS, P.A. | ATTN: R. SCOTT SHUKER | RSHUKER@SHUKERDORRIS.COM BANKRUPTCY@SHUKERDORRIS.COM |
| RBM PALM BAY, LLC | C/O BURR & FORMAN LLP | ATTN: CHRISTOPHER R. THOMPSON, KELSEY E. BURGESS | CRTHOMPSON@BURR.COM MLUCCA-CRUZ@BURR.COM KBURGESS@BURR.COM |
| SHUTTS & BOWEN LLP | ATTN: MARY RUTH HOUSTON | | MHOUSTON@SHUTTS.COM |
| STATE STREET EAST, LLC | C/O HANSON BRIDGETT LLP | ATTN: JORDAN A. LAVINSKY | JLAVINSKY@HANSONBRIDGETT.COM |
| SYNERGI PARTNERS, INC. | ATTN: ASHLEY HOGSETTE, CHRISTEL LAYTON | | AHOGSETTE@SYNERGIPARTNERS.COM CLAYTON@SYNERGIPARTNERS.COM |
| U.S. SMALL BUSINESS ADMINISTRATION | | | BANKRUPTCYNOTICES@SBA.GOV |
| WASTE MANAGEMENT | C/O DAVIS WRIGHT TREMAINE LLP | ATTN: BARRY S. GOLD | BARRYGOLD@DWT.COM |
| WENDY'S INTERNATIONAL, LLC, QUALITY IS OUR RECIPE, LLC AND THEIR AFFILIATES | C/O SQUIRE PATTON BOGGS (US) LLP | ATTN: MARK A. SALZBERG | MARK.SALZBERG@SQUIREPB.COM |
| WENDY'S INTERNATIONAL, LLC, QUALITY IS OUR RECIPE, LLC AND THEIR AFFILIATES | C/O SQUIRE PATTON BOGGS (US) LLP | ATTN: STEPHEN D. LERNER, JUSTIN CLOYD | STEPHEN.LERNER@SQUIREPB.COM JUSTIN.CLOYD@SQUIREPB.COM |
| WENDY'S INTERNATIONAL, LLC. | E.J. WUNSCH, CHIEF LEGAL OFFICER | | CORPORATE-SECRETARY@WENDYS.COM |
| WENDY'S INTERNATIONAL, LLC. ROYALTIES | E.J. WUNSCH, CHIEF LEGAL OFFICER | | CORPORATE-SECRETARY@WENDYS.COM |
| WENDYS NATIONAL ADVERTISING WNAP | E.J. WUNSCH, CHIEF LEGAL OFFICER | | CORPORATE-SECRETARY@WENDYS.COM |
| WM CORPORATE SERVICES, INC. | ATTN: CHARLES C. BOETTCHER, JACQUOLYN HATFIELD-MILLS | | CBOETTCHER@WM.COM JMILLS@WM.COM |

In re: SBG Burger Opco, LLC, et al.
Case No. 23-04797 (TPG)

Page 2 of 2